UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES,
LLC,
    Plaintiff,
v.                              Case No.: 2:13cv346

S&N LOCATING SERVICES, LLC,
and
S&N COMMUNICATIONS, INC.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court on two motions: (1) a renewed motion filed by defendants S&N Locating Services, LLC, and S&N Communications, Inc. (collectively "Defendants" or "S&N") to limit the number of patent claims asserted against them, and (2) a cross-motion filed by plaintiff Certusview Technologies, LLC ("Plaintiff" or "Certusview") to limit the number of invalidity arguments asserted by S&N. After examining the briefs and the record, the Court determines that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** both motions.

### I. Factual and Procedural Background

On May 29, 2013, Certusview filed a complaint in this Court, alleging infringement by Defendants of four of its patents. ECF No. 1. On December 6, 2013, Plaintiff filed an amended complaint,

alleging that Defendants had also infringed a fifth patent. ECF No. 65. Plaintiff subsequently identified "a total of 68 claims as allegedly being infringed." Defs.'s Br. Supp. Mot. to Limit Asserted Claims at 3, ECF No. 65. On March 3, 2014, Defendants filed a motion to limit the number of asserted claims "to a total of 32 before claim construction" and "a total of 10" after claim construction, Defs.' Mot. to Limit Asserted Claims at 2, ECF No. 64, asserting that the current number of claims is "disproportionate to the corresponding limits the Court placed on claim construction," Defs.'s Br. Supp. Mot. to Limit Asserted Claims at 3, ECF No. 65. Plaintiff filed a brief opposing Defendants' motion on March 17, 2014, asserting that Plaintiff cannot "reasonably limit the number of claims" because it has yet to receive "sufficient discovery [from Defendants] concerning the accused product and [Defendants'] positions on infringement and validity." Pl.'s Br. in Opp'n at 1-2, ECF No. 77.

On March 19, 2014, the Court denied Defendants' motion to limit the number of asserted patent claims. The Court recognized its inherent authority to reasonably limit the number of patent claims Certusview may assert. March 19, 2014 Order at 3, ECF No. 86. However, the Court concluded that it would have been premature to limit Certusview's claims at the time of S&N's first motion to limit claims because of discovery disputes with respect to claims and defenses. Id. at 5. Nonetheless, the Court specifically noted

Certusview's "willing[ness] to reasonably limit the number of claims being asserted at the appropriate time" and underscored that the Court fully expected Certusview to do so. Id. The Court stated that it would "gladly entertain a renewed motion by Defendants" if Plaintiff failed to "adequately limit its claims within a timely manner after receiving the relevant discovery to which it is entitled." Id. at 5-6. Additionally, the Court reminded the parties that they had "ethical obligations to work together, in a professional manner, to prepare this case for trial" and emphasized that "[i]f the parties fail to do so, the Court will not hesitate to impose appropriate sanctions." Id. at 6.

On April 1, 2014, the Court conducted a Markman hearing. On May 16, 2014, the Court issued an Opinion and Order construing ten disputed claim terms. ECF No. 121.

On August 28, 2014, S&N renewed their motion seeking to limit the number of patent claims that Certusview could assert. Defs.' Renewed Mot. to Limit Asserted Claims, ECF No. 140. In support of their Renewed Motion, Defendants argue that it is now the appropriate time to limit the number of claims that Certusview can assert against S&N because Certusview has received sufficient discovery to reasonably know which claims to assert. Defs.' Br. Supp. Renewed Mot. to Limit Asserted Claims at 2, ECF. No. 141. Defendants' emphasize that Certusview has received: non-infringement contentions on April 25; detailed invalidity contentions on April

29; "access to source code for the accused system;" "a live demonstration of the accused system;" an additional 18,000 documents produced on July 11; and "all requested witnesses in July and August." Id. Defendants further contend that limiting the number of claims Certusview may assert is appropriate because "four of the Patents-in-Suit are related," "there is significant overlap between all of the asserted patents and claims," and "Certusview has only accused one instrumentality of infringement." Id. at 5. In addition, Defendants argue that the Court should not require them to limit the number of arguments they can make on invalidity, much less require them to do so "as a condition for the patent holder to limit the number of asserted claims." Id. at 3. S&N request that the Court: "immediately reduce the total number of asserted patent claims to no more than a total of 10;" "allow S&N to serve an amended opening invalidity expert report within thirty days of receiving CertusView's reduced list of claims;" and enter sanctions against Certusview. Id. at 6.

On September 11, 2014, Certusview filed its response to Defendants' motion and a cross-motion seeking to limit the number of invalidity arguments that S&N could assert. Pl.'s Resp. to Defs.' Renewed Mot. to Limit Number of Asserted Claims & Cross-mot. to Limit Number of Invalidity Arguments, ECF. No. 151. Certusview states that it conferred with S&N in an attempt to reach an agreement that would limit both the number of claims Certusview could assert and

the prior art invalidity references S&N could assert, but failed to reach any agreement. Id. at 1-2. On July 28, 2014, Certusview proposed limiting the number of its claims to thirty, if S&N would agree to narrow the asserted prior art to ten references. Id. Ex. B. at 1. In response, on August 2, 2014, S&N offered to limit their number of prior art references to twenty five, if Certusview would limit its number of claims to fifteen. See id. Ex. C at 2. On August 6, 2014, Certusview countered by offering to limit the number of its asserted claims to twenty, if S&N would limit their prior art references to two grounds of invalidity per claim. Id. Ex. D at 1. The forgoing attempts to resolve the issues the parties have raised in the instant motions did not succeed.

In opposition to S&N's motion, Certusview contends that it is too early for Certusview to reasonably limit the number of claims it will assert because Certusview has not had "sufficient discovery concerning the accused product and S&N's positions on infringement and validity." Id. at 5. Certusview emphasizes that fact discovery will not close until October 10, 2014, expert discovery will not close until October 31, 2014, and it will not have S&N's rebuttal to Certusview's infringement expert report until September 30, 2014. Id. Additionally, Certusview contends that the number of patents involved in this case, five, renders twenty asserted claims a reasonable limitation on Certusview. Id.

In support of its cross-motion to limit the number of prior art

references that S&N can assert, Certusview argues that the Court has the authority to limit the number of prior art references or arguments S&N can raise for the same reasons that the Court can limit the number of claims Certusview can assert. Id. at 1. Furthermore, Certusview asserts that Defendants have already limited the number of prior art invalidity grounds they can raise to ten because Defendants have served an expert report offering only ten prior art invalidity grounds. Id. Certusview requests that the Court deny S&N's motion "without prejudice to refilling [sic] after S&N has participated in a good faith effort to reach a negotiated resolution of the issues presented." Id. at 6 (emphasis omitted). In the alternative, Certusview asks that the Court limit "the number of asserted claims of the five asserted patents to twenty, to be elected by CertusView on or before October 10th" and confirm "that S&N is limited to the ten prior art invalidity theories in its invalidity expert report." Id.

In reply, Defendants assert that Certusview has obtained sufficient discovery to allow it to make an informed decision about which claims to pursue because "most courts limit the number of asserted claims before opening expert reports are due." Defs.' Reply Br. Supp. Renewed Mot. to Limit Asserted Claims at 3, ECF. No. 154. Defendants further argue that, if the Court limits the number of prior art references they can assert, it should do so after Certusview has reduced its number of asserted claims because S&N

cannot fairly limit its prior art references without knowing which claims are actually at issue. Id. S&N's Reply reiterates S&N's contention that the Court should limit Certusview to ten claims. In S&N's view, this limitation is justified because "four of the five Patents-in-Suit are related and share nearly identical specifications and similar claim language," "at least one of the Patents-in-Suit contains a terminal disclaimer," and "Certusview has only accused one instrumentality of infringement." Id. at 7. Finally, in support of their request for sanctions, Defendants accuse Certusview of "willful conduct" in unjustifiably delaying reducing its number of claims. Id. at 8.

## II. DISCUSSION

### A. Renewed Motion to Limit Number of Asserted Claims

"A district court has inherent authority to reasonably limit . . . the number of patent claims the parties may assert, 'to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Masimo Corp. v. Philips Elecs. N. Am. Corp., 918 F. Supp. 2d 277, 282 (D. Del. 2013) (internal citations omitted) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)); see also Thought, Inc. v. Oracle Corp., Case No. 12-cv-05601, 2013 U.S. Dist. LEXIS 147561, at *4-5 (N.D. Cal. Oct. 10, 2013); Gen-Probe Inc. v. Beckton Dickinson & Co., Case No. 09-cv-2319, 2012 U.S. Dist. LEXIS 21744,at *6-7 (S.D. Cal. Feb. 22, 2012); cf., e.g., Unwired Planet LLC v. Google, Inc., Case

No. 3:12-cv-0504, 2013 U.S. Dist. LEXIS 146766, at *2,*5 (D. Nev. Oct. 10, 2013)(ordering plaintiff to reduce number of claims from 124 to 30); Classen Immunotherapies, Inc. v. Biogen Idec, Civil No. WDQ-04-2607, 2013 U.S. Dist. LEXIS 24836, at *9, *11-12 (D. Md. Feb. 22, 2013) (ordering plaintiff to reduce number of claims from 229 to 30); Unified Messaging Solutions LLC v. Facebook Inc., Case No. 6:11cv120, 2012 WL 11606516, at *1 (E.D. Tex. July 12, 2012)(ordering plaintiff to reduce number of claims from 52 to 15 at the time of its expert report on infringement).

Indeed, the Federal Circuit has held that a district court may limit the number of patent claims a plaintiff may assert without depriving the plaintiff of due process of law as long as the court provides the plaintiff with the ability to assert additional claims upon a showing of good cause. See In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1312 (Fed. Cir. 2011); see also Stamps.com Inc. v. Endicia, Inc., 437 F. App'x 897, 900-03 (Fed. Cir. 2011) (limiting claims from 629 to 15); Gen-Probe, 2012 U.S. Dist. LEXIS 21744, at *6-7. According to the Federal Circuit, "When the claimant is in the best position to narrow the dispute, allocating the production burden to the claimant will benefit the decision-making process and therefore will not offend due process unless the burden allocation unfairly prejudices the claimant's opportunity to present its claim." In re Katz, 639 F.3d at 1311.

To avoid unfair prejudice after requiring the plaintiff to limit

its claims, a district court must provide the plaintiff with the opportunity to assert additional, unselected claims that present unique issues of liability or damages. See id. at 1312-13. In addition, the court should consider whether the plaintiff will be prejudiced by a claim selection order that "comes too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." Id. at 1313 n.9. Accordingly, a court may limit the number of patent claims a plaintiff may assert so long as it provides the plaintiff with the opportunity to assert additional claims upon a showing of good cause and does not prematurely require the plaintiff to limit its claims. See id. at 1311-13 & n.9.

In this case, the parties do not dispute the appropriateness of limiting the number of claims that Certusview may assert at trial.[1] E.g., Pl.'s Resp. to Defs.' Renewed Mot. to Limit Number of Asserted Claims & Cross-mot. to Limit Number of Invalidity Arguments at 1 ("CertusView has *not* refused to limit the number of asserted claims.") (emphasis in original). Rather, Certusview and S&N

---

[1] To determine whether to require a plaintiff to limit its claims, courts consider whether the plaintiff asserts duplicative claims, the patents-in-suit share a common genealogy, and the patents contain terminal disclaimers. See In re Katz, 639 F.3d at 1311. Courts also "look to the number of patents and claims at issue and the feasibility of trying the claims to a jury." Thought, Inc., 2013 U.S. Dist. LEXIS 147561, at *4. In this case, the parties do not dispute that Certusview must limit its claims. However, absent such a limitation, the number of claims Certusview has asserted, sixty eight, could not feasibly be placed before a jury.

dispute the number of claims Certusview should be allowed to assert and the timing of when Certusview should be required to limit its claims.

After careful consideration of the parties' arguments with respect to the number of claims Certusview should be allowed to assert, the Court will order Certusview to select **FIFTEEN (15)** representative claims. However, the Court remains mindful of the need to adequately protect Certusview's due process rights because requiring Certusview to limit the number of claims it might assert could prevent Certusview from asserting viable, non-duplicative claims. Therefore, in accordance with the Federal Circuit's decision in Katz, after selecting its claims pursuant to this Opinion and Order, Certusview may move the Court for leave to assert any unselected claims upon a showing of good cause. If Certusview wishes to assert any claims in addition to the fifteen representative claims that it selects, Certusview must show that any unselected claim presents a unique issue with respect to liability or damages.

The Court has also carefully considered the parties' arguments with respect to the timing of the claim selection order and the Court is satisfied that this case has reached a sufficient stage in the discovery process to allow Certusview to make an informed decision about which claims to pursue. Unlike the situation at the time of Defendants' first motion to limit asserted claims, Certusview has had substantial opportunity to obtain discovery regarding S&N's

invalidity and non-infringement contentions, including S&N's expert report on invalidity. See, e.g., Havco Wood Prods., LLC v. Indus. Hardwood Prods., 10-cv-566, 2011 U.S. Dist. LEXIS 130757, at *15-18 (W.D. Wisc. Nov. 10, 2011) (ordering plaintiff to select claims *prior* to initial expert disclosure). Moreover, at this stage, Certusview has also had the benefit of this Court's Markman Opinion since May 16, 2014—more than four months ago. Cf., e.g., Thought, Inc., 2013 U.S. Dist. LEXIS 147561, at *12-13 (ordering plaintiff to select no more than 32 claims prior to claim construction and no more than 16 claims within 28 days of the court's claim construction order). Accordingly, Certusview will make an election of **FIFTEEN (15)** claims within seven (7) days of the filing of this Opinion and Order. As stated above, this Opinion and Order is without prejudice to Certusview requesting, by an appropriate motion, to assert additional claims upon a showing of good cause.

In addition to their request to limit the number of claims Certusview may assert, Defendants, unopposed, also seek leave to amend their opening invalidity expert report.[2] "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); see also Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." Reese

[2] Certusview's response to S&N's motion did not address S&N's request for leave to amend S&N's opening invalidity expert report. See ECF No. 151. Accordingly, Certusview has not opposed S&N's request for leave to amend.

v. Va. Intern. Terminals, Inc., 286 F.R.D. 282, 285 (E.D. Va. 2012) (quoting Lineras v. Inspiration Plumbing LLC, No. 1:10cv324, 2010 U.S. Dist. LEXIS 117586, at *2 (E.D. Va. Nov. 3, 2010)).

The Court finds good cause to **GRANT** S&N's unopposed request for leave to serve an amended opening invalidity expert report. In addition to filing their March 3, 2014 motion to limit claims, S&N acted with diligence in requesting that Certusview limit its claims on July 15 2014, well in advance of the September 1, 2014 deadline for filing opening expert reports. See Defs.' Br. Supp. Renewed Mot. to Limit Asserted Claims Ex. C. In the Court's Order denying Defendants' first motion to limit asserted claims, the Court expressly noted Certusview's "willingness to reasonably limit the number of claims being asserted at the appropriate time" and emphasized that it "fully expects Plaintiff to do so." March 19, 2014 Order at 5(emphasis in original). However, despite this direction from the Court, Certusview failed to reasonably limit its claims prior to the deadline for S&N to file its opening invalidity expert report. Thus, S&N's invalidity expert was forced to address all sixty eight claims that Certusview has asserted because Certusview had failed to reasonably limit its claims. Fairness dictates that Defendants have the opportunity to file an amended opening invalidity expert report following Certusview's election of claims to allow S&N's expert to address the claims that are actually in dispute. The resolution of this matter will also benefit from

S&N filing an expert report targeted at the claims the parties actually intend to place before a jury. Accordingly, the Court will **GRANT** S&N leave to file an amended opening invalidity expert report within twenty one (21) days after Certusview files its Election of Asserted Claims.[3]

**B. Cross-motion to Limit the Number of Invalidity Arguments**

Just as the Court has the inherent authority to limit the patent claims that a plaintiff may assert, the Court also has the authority to limit the number of invalidity arguments and prior art references that defendants may assert. E.g., MyMedical Records, Inc. v. Walgreen Co., Case No. 2:13-cv-00631, 2014 U.S. Dist. LEXIS 88289, at *1 (C.D. Cal. June 27, 2014) (citing In re Katz, 639 F.3d at 1313; Stamps.com, 437 F. App'x at 902-03) (noting that a district court's case-management discretion "includes the ability to limit the number of claims asserted . . . and prior-art references to invalidate the patent."); cf., e.g., Thought, Inc., 2013 U.S. Dist. LEXIS 147561, at * 12 (limiting prior art references to 25). However, for the same reason that requiring a plaintiff to limit its claims might threaten a plaintiff's due process rights, imposing a similar limit on a defendant's ability to raise prior art references as grounds for invalidity might prejudice a defendant's due process rights. See

[3] The Court notes that S&N also requested sanctions in its motion to limit asserted claim terms, though it is not clear upon what rule or authority S&N relied as the basis for those sanctions. In light of the fact that the parties were in the process of negotiating competing limitation requests and because the Court has granted Defendants' request for leave to amend their opening invalidity expert report, the Court **DENIES** the motion with respect to sanctions.

MyMedical Records, Inc., 2014 U.S. Dist. LEXIS 88289, at *3 (citing In re Katz, 639 F.3d at 1310-12). Therefore, a limitation on a defendant's ability to assert invalidity arguments must include an adequate means for a defendant to assert additional invalidity arguments upon a showing of good cause. See id.

The Court has carefully considered the parties' arguments with respect to limiting the number of prior art references that S&N may assert and the Court will order S&N to limit the number of prior art references they assert to **TWENTY FIVE (25)** within seven (7) days after Certusview files its election of claims. However, the Court remains mindful of the need to adequately protect S&N's due process rights. Therefore, in accordance with the Federal Circuit's decision in Katz, after selecting their prior art references pursuant to this Opinion and Order, S&N may move the Court for leave to assert any unselected prior art references upon a showing of good cause.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' renewed motion to limit the number of asserted patent claims and **GRANTS IN PART AND DENIES IN PART** Plaintiff's cross-motion to limit the number of invalidity arguments. Certusview is **DIRECTED** to file an Election of Asserted Claims containing no more than **FIFTEEN (15)** claims within seven (7) days of the filing of this Opinion and Order. S&N is **DIRECTED** to make an Election of Asserted Prior Art containing no more than **TWENTY**

**FIVE (25)** prior art references within seven (7) days after Certusview files its Election of Asserted Claims. As stated above, this Opinion and Order is without prejudice to either Certusview or S&N requesting, by an appropriate motion, to assert additional claims or additional prior art references upon a showing of good cause.

The Court **GRANTS** S&N's unopposed request for leave to serve an amended opening invalidity expert report. If Defendants choose to file an amended opening invalidity expert report, they must do so within twenty one (21) days after Certusview files its Election of Asserted Claims.

The Court **DENIES** S&N's motion for sanctions.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 30, 2014