IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| CERTUSVIEW TECHNOLOGIES, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:13-cv-346 (MSD) (TEM) |
| | § | |
| S&N LOCATING SERVICES, LLC and | § | |
| S&N COMMUNICATIONS, INC. | § | |
| | § | Jury Trial Demanded |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON FAILURE TO CLAIM PATENT-ELIGIBLE SUBJECT MATTER**

Defendants, S&N Communications, Inc., and S&N Locating Services, LLC (collectively "S&N" or "Defendants"), hereby file this Motion for Judgment on the Pleadings Based on Failure to Claim Patent-Eligible Subject Matter pursuant to Federal Rule of Civil Procedure 12(c), and respectfully show the Court as follows:

Like the claims in the Supreme Court's recent decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359 (2014), and in the many subsequent cases invalidating claims based on patent-ineligibility, the asserted claims in CertusView's patents are invalid under 35 U.S.C. § 101. CertusView's claims recite nothing more than the abstract idea of recording a locate operation implemented on a generic computer. As explained in the Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings Based on Failure to Claim Patent-Eligible Subject Matter, which is incorporated herein in its entirety, the idea of recording a locate operation is something that CertusView's own patents admit is a longstanding practice in the utility industry that has long been done by a human simply using pen and paper. CertusView's claims "add nothing specific to [the abstract idea] other than what is well

understood, routine, conventional activity, previously engaged in by those in the field." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1299 (2012). The generic computer-implementation of such an abstract idea is exactly what the Supreme Court held to be unpatentable in *Alice*, and the Court should reach the same conclusion here. Accordingly, for the reasons set forth above and in Defendants' accompanying memorandum of law, the Court should grant Defendants' Motion for Judgment on the Pleadings Based on Failure to Claim Patent-Eligible Subject Matter.

      WHEREFORE, S&N respectfully requests that the Court grant this Motion for Judgment on the Pleadings Based on Failure to Claim Patent-Eligible Subject Matter in its entirety, and grant S&N all other relief to which it is entitled.

Dated: October 28, 2014									Respectfully submitted,

/s/ Brian L. Whisler
_____
Brian L. Whisler (Lead Counsel)
Virginia Bar No. 30435
E-mail: brian.whisler@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Avenue, NW
Washington, D.C. 20006
Telephone: (202) 452-7019
Facsimile: (202) 416-6937

Michael A. Duffy
E-mail: michael.duffy@bakermckenzie.com
BAKER & MCKENZIE LLP
300 East Randolph Street, Suite 5000
Chicago, Illinois 60601
Telephone: (312) 861-8000
Facsimile: (312) 861-2899

John G. Flaim
E-mail: john.flaim@bakermckenzie.com
W. Bart Rankin
E-mail: bart.rankin@bakermckenzie.com
Mackenzie DeWerff
E-mail: mackenzie.dewerff@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

ATTORNEYS FOR DEFENDANTS,
S&N LOCATING SERVICES LLC AND
S&N COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 28th day of October 2014, a true and correct copy of Defendants' Motion for Judgment on the Pleadings Based on Failure to Claim Patent-Eligible Subject Matter was served on Plaintiff's counsel of record at the following e-mail address: MLockerby@foley.com.

                                      /s/ Brian L. Whisler