UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES, LLC,

      Plaintiff,

v.                                    Civil Action No. 2:13cv346

S&N LOCATING SERVICES, LLC,
and
S&N COMMUNICATIONS, INC.,

      Defendants.

### MEMORANDUM ORDER

This matter is before the Court on a Motion for Exceptional Case Finding and Attorneys' Fees filed by S&N Locating Services, LLC and S&N Communications, Inc. (collectively "Defendants"). ECF No. 257.  In their motion, Defendants request that the Court award attorneys' fees to Defendants because this is an "exceptional case" within the meaning of 35 U.S.C. § 285.

In this action, CertusView Technologies, LLC ("Plaintiff") asserted that Defendants had infringed five patents ("the patents-in-suit").  See Am. Compl. ¶¶ 15, 19, 23, 27, 32, ECF No. 55.  On October 28, 2014, Defendants moved for judgment on the pleadings, seeking to invalidate the asserted claims of the patents-in-suit because they did not claim patent-eligible subject matter under 35 U.S.C. § 101.  Defs.' Mot. for J. on the Pleadings, ECF No. 197.  On January 16, 2015, the Court granted

Defendants leave to amend their answer to assert an inequitable conduct counterclaim against Defendants. Order at 2-3, ECF No. 248. On January 21, 2015, the Court granted Defendants' motion for judgment on the pleadings and held that each of the asserted claims of the patents-in-suit were invalid because they did not claim patent-eligible subject matter. See Opinion and Order at 95, ECF No. 250. Therefore, on that same day, the Court entered judgment in favor of Defendants in Plaintiff's patent infringement action. Judgment, ECF No. 251.

In accordance with the Court's Order, on January 23, 2015, Defendants filed their First Amended Answer and Counterclaims, which asserted numerous inequitable conduct counterclaims against Plaintiff. ECF No. 253. On February 17, 2015, Plaintiff noticed an appeal of the Court's ruling on Defendants' motion for judgment on the pleadings. Notice of Appeal, ECF No. 267. On April 10, 2015, Plaintiff filed a subsequent notice of appeal with respect to another ruling of the Court. Notice of Appeal, ECF No. 319. By Opinion and Order of May 22, 2015, the Court denied Plaintiff's motion to strike a number of Defendants' inequitable conduct counterclaims. ECF No. 325. Thus, at this stage, two appeals in this matter are pending before the Court of Appeals for the Federal Circuit and Defendants' inequitable conduct counterclaims are pending before the Court.

The Patent Act provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). A party wishing to recover attorneys' fees pursuant to section 285 must comply with Federal Rule of Civil Procedure 54. IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377, 1386 (Fed. Cir. 2005). Such rule provides:

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>> (i) be filed no later than 14 days after the entry of judgment;
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>> (iii) state the amount sought or provide a fair estimate of it; and
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. . . .

Fed. R. Civ. P. 54(d)(2). In its notes regarding the 1993 amendments to Rule 54, the Advisory Committee has suggested that "[i]f an appeal on the merits of the case is taken, the court

may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Id. advisory committee's note (1993 amendments). And the Advisory Committee has also suggested that "if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58 advisory committee's note (1993 amendments).

The Court will **DENY WITHOUT PREJUDICE** Defendants' motion for an exceptional case finding and attorneys' fees. Such denial is appropriate because the appeals currently pending with respect to Plaintiff's infringement claims involve substantial—and novel—issues that the Federal Circuit's ruling may affect. See, e.g., Pacing Techs., LLC v. Garmin Int'l, Inc., No. 12-CV-1067-BEN (JLB), 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014); Walker Digital, LLC v. Expedia, Inc., Civ. Nos. 11-313-SLR, 12-140-SLR, 12-141-SLR, 12-142-SLR, 2013 WL 5662145, at *2 (D. Del. Oct. 16, 2013) (unpublished). Similarly, given that Defendants, in part, seek an award of attorneys' fees based on Plaintiff's alleged inequitable conduct, the Court will exercise its discretion to deny the instant motion until the Court has

adjudicated the merits of Defendants' inequitable conduct counterclaims.

For the forgoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion for Exceptional Case Finding & Attorneys' Fees, ECF No. 257. Defendants may re-file such motion within fourteen (14) days after the latter of the Federal Circuit's ruling on the merits of Plaintiff's pending appeals (Nos. 15-1404, 15-1571) or the Court's entry of judgment with respect to Defendants' inequitable conduct counterclaims.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June  |  , 2015