UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES, LLC,

      Plaintiff,

v.                               Civil Action No. 2:13cv346

S&N LOCATING SERVICES, LLC,
and
S&N COMMUNICATIONS, INC.,

      Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a Motion for Summary Judgment, ECF No. 341, filed by CertusView Technologies, LLC, ("Plaintiff"). In such motion, Plaintiff seeks summary judgment on inequitable conduct counterclaims that S&N Locating Services, LLC, and S&N Communications, Inc., (collectively "Defendants" or "S&N") have asserted against Plaintiff. Prior to the submission of the briefing on Plaintiff's motion, the Court had scheduled a hearing for August 14, 2015. However, now that the matter is ripe for disposition, after examining the briefs and the record, the Court determines that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. R. 7(J).

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

This case began as a patent infringement action in which Plaintiff asserted that Defendants had infringed five patents that involve technology for the prevention of damage to underground infrastructure: U.S. Patent No. 8,290,204 ("the '204 patent"), U.S. Patent No. 8,407,001 ("the '001 patent"), U.S. Patent No. 8,340,359 ("the '359 patent"), U.S. Patent No. 8,265,344 ("the '344 patent"), and U.S. Patent No. 8,532,341 ("the '341 patent" and, collectively with the '204, '001, '359, and '344 patents, "the patents-in-suit"). Thereafter, Defendants asserted inequitable conduct counterclaims against Plaintiff. On January 21, 2015, the Court granted Defendants' motion for judgment on the pleadings and held that each of the asserted claims of the patents-in-suit were invalid because they did not claim patent-eligible subject matter. Opinion and Order, ECF No. 250. On that same date, the Court entered judgment in favor of Defendants on Plaintiff's infringement claims. Judgment, ECF No. 251. Thus, only Defendants' inequitable conduct counterclaims remain in this action.

---

[1] The Court has set forth, at length, the factual and procedural history in this matter in its prior opinions granting Defendants' motion for judgment on the pleadings as to Plaintiff's infringement claims and granting in part and denying in part Plaintiff's motion to dismiss Defendants' inequitable conduct counterclaims. See CertusView Techs., LLC v. S&N Locating Servs., LLC, __ F. Supp. 3d __, 2015 WL 2454277 (E.D. Va. May 22, 2015); id., __ F. Supp. 3d __, 2015 WL 269427 (E.D. Va. Jan. 21, 2015).

After the Court granted Defendants' motion for judgment on the pleadings as to Plaintiff's infringement claims, Plaintiff initiated a two-fold challenge to Defendants' First Amended Answer. Plaintiff objected to the magistrate judge's Order granting Defendants leave to amend their answer and Plaintiff also moved to dismiss Defendants' inequitable conduct counterclaims. See Pl.'s Objections to the Magistrate Judge's Order, ECF No. 256; Pl.'s Mot. to Dismiss, ECF No. 260.

While Plaintiff contested the sufficiency of Defendants' First Amended Answer in this Court, Plaintiff appealed to the United States Court of Appeals for the Federal Circuit from the Court's judgment on Plaintiff's infringement claims. Notice of Appeal, ECF No. 267. However, on May 15, 2015, the Federal Circuit stayed Plaintiff's appeal pending the Court's resolution of its challenges to Defendants' First Amended Answer. CertusView Techs., LLC v. S&N Locating Servs., LLC, Nos. 2015-1404, -1571 (Fed. Cir. May 15, 2015) (ECF No. 324 on the Court's docket).

On May 22, 2015, the Court issued an Opinion and Order overruling Plaintiff's objections to the magistrate judge's January 16, 2015 Order and granting in part and denying in part Plaintiff's motion to dismiss Defendants' First Amended Answer and Counterclaims. ECF No. 325. That same day, the Court directed the parties to submit status reports regarding how the

Court should proceed to resolve Defendants' inequitable conduct counterclaims. Order, ECF No. 326.

In its status report, Plaintiff requested that the Court either stay the case and certify the issue of Section 101 validity for interlocutory appeal or dismiss Defendants' inequitable conduct counterclaims without prejudice to refiling once the Federal Circuit issued its mandate in Plaintiff's appeal. In the alternative, Plaintiff requested that the Court permit Plaintiff to immediately move for summary judgment on Defendants' inequitable conduct counterclaims. Regarding summary judgment, Plaintiff made the following representation to the Court:

> While the Court concluded that S&N's pleading states a claim under Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312 (Fed. Cir. 2009), S&N cannot prove inequitable conduct under the heightened standard of Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276 (Fed. Cir. 2011) or when a full set of undisputed facts are presented rather than the allegations in the amended answer. . . .

Pl.'s Status Report at 5 n.4, ECF No. 328.

On June 30, 2015, the Court declined to certify an interlocutory appeal in this matter, but, pursuant to Local Rule 56(C), the Court found good cause to permit Plaintiff to move for summary judgment on Defendants' inequitable conduct counterclaims. Order, ECF No. 339. The Court set an expedited

briefing schedule and set the matter for a hearing on August 14, 2015.[2]

On July 22, 2015, Plaintiff moved for summary judgment on Defendants' inequitable conduct counterclaims. In its brief in support of its motion, Plaintiff devotes roughly one double-spaced page to its statement of undisputed facts. Pl.'s Mem. Supp. Mot. for Summ. J. at 2-3, ECF No. 342. In such statement of undisputed facts, Plaintiff describes, in broad terms, its patents and aspects of their prosecution history and states that "[t]rue and correct testimony" of Curtis Chambers, Jeffrey Farr, Joseph Teja, Jr., David Crawford, and Gregory Block is attached to Plaintiff's brief. Id. Plaintiff's statement of undisputed facts omitted any facts responsive to Defendants' inequitable conduct allegations. Id. After a brief description of the summary judgment and inequitable conduct standard of review, Plaintiff dedicates the remainder of its brief to argue the merits of Defendants' inequitable conduct counterclaims—complete with citations to facts in the record pertaining to such counterclaims. See id. at 4-30.

On July 29, 2015, Defendants responded to Plaintiff's motion. In their response, Defendants contend that the Court

---

[2] On July 9, 2015, the Federal Circuit dismissed Plaintiff's appeal because Defendants' counterclaims remained pending in this Court. CertusView Techs., LLC v. S&N Locating Servs., LLC, Nos. 2015-1404, -1571 (Fed. Cir. July 9, 2015) (ECF No. 340 on the Court's docket).

should deny Plaintiff's motion or, in the alternative, disregard all facts not stated in Plaintiff's statement of undisputed facts because such statement did not comply with Local Rule 56(B). Defs.' Mem. Opp'n Mot. for Summ. J. at 2-3, ECF No. 343. Specifically, Defendants note that Plaintiff's brief "is replete with factual citations (from which it argues) that are absent from its 'Undisputed Facts'" and contend that Plaintiff cannot satisfy Local Rule 56(B) by attempting to incorporate, in their entirety, deposition transcripts from Messrs. Chambers, Farr, Teja, Crawford, and Block. Id. at 3.

On August 3, 2015, Plaintiff filed its reply. Plaintiff dedicates the totality of its reply to argument regarding the merits of Defendants' counterclaims. As with Plaintiff's opening brief, such reply includes citations to facts absent from Plaintiff's statement of undisputed facts. In its reply, however, Plaintiff does not address Defendants' contention regarding Local Rule 56(B). Indeed, Plaintiff does not, in any way, explain its apparent disregard for the Court's Local Rules.

## II. STANDARD OF REVIEW

Through the Rules Enabling Act, Congress and the President have granted the Supreme Court "the power to prescribe general rules of practice and procedure . . . for cases in the United States district courts . . . ." 28 U.S.C. § 2072(a); see also

id. § 2071(a). Pursuant to such authority, the Supreme Court has established the following rule:

> After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075, and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States. A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit. Copies of rules and amendments must, on their adoption, be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public.

Fed. R. Civ. P. 83(a)(1). In accordance with such rule, a majority of the district judges of this Court has adopted Local Rules. Local Rule 56(B) concerns summary judgment and provides:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. R. 56(B) (emphasis added). In short, a party who moves for summary judgment without "includ[ing] a specifically

captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed" has violated the Court's Local Rules. Id.

A court's response to a violation of the Local Rules generally varies in proportion to the seriousness of the violation. In response to a movant's blatant violation of Local Rule 56(B), the Court may deny a motion for summary judgment outright. Mitchell v. Angelone, 82 F. Supp. 2d 485, 487 (E.D. Va. 1999).[3] However, even if a movant fails to comply with Local Rule 56(B), the Court has the inherent equitable authority to "resolve the substantive issues raised and alleviate the need to consider them at trial." Williams v. Gradall Co., 990 F. Supp. 442, 444 (E.D. Va. 1998); see also Hedrick v. Roberts, 183 F. Supp. 2d 814, 819 (E.D. Va. 2001). Thus, for more minor

---

[3] See also Dixon v. Ramirez, Action No. 2:12cv137, 2012 WL 8441425, at *2 (E.D. Va. July 18, 2012) (unpublished), aff'd, 509 F. App'x 258 (4th Cir. 2013) (unpublished) (per curiam); Adams v. Object Innovation, Inc., Civil No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *10 (E.D. Va. Dec. 5, 2011) (unpublished), report and recommendation adopted, 2012 WL 135428 (E.D. Va. Jan. 17, 2012) (unpublished); Allen v. City of Fredericksburg, Civil Action No. 3:09cv63, 2011 WL 782039, at *12 (E.D. Va. Feb. 22, 2011) (unpublished); Roche v. Lincoln Prop. Co., No. Civ.A. 02-1390-A, 2003 WL 22002716, at *9 (E.D. Va. July 25, 2003) (unpublished), rev'd in part, vacated in part, 373 F.3d 610 (4th Cir. 2004), rev'd, 546 U.S. 81 (2005), aff'd on remand, 175 F. App'x 597 (4th Cir. 2006) (unpublished); cf. Tross v. Ritz Carlton Hotel Co., 928 F. Supp. 2d 498, 503-04 (D. Conn. 2013) (under an analogous local rule, denying a motion for summary judgment lacking the required statement of undisputed facts).

violations of Local Rule 56(B), courts sometimes will refuse to "elevate form over substance" and, instead, will excuse the party's failure to comply with the rule.  White v. Golden Corral of Hampton, LLC, Civil Action No. 4:13cv27, 2014 WL 1050586, at *3-4 (E.D. Va. Mar. 14, 2014); see SwimWays Corp. v. Zuru, Inc., Civil Action No. 2:13cv334, 2014 WL 3615981, at *9 (E.D. Va. July 18, 2014) (Davis, J.).

### III. DISCUSSION

Although the parties have dedicated considerable portions of their briefing to the merits of Defendants' inequitable conduct counterclaims, the Court will **DENY** Plaintiff's motion for summary judgment because Plaintiff, without explanation, has utterly disregarded Local Rule 56(B).  Plaintiff has submitted a statement of undisputed facts devoid of those facts upon which Plaintiff relies to support its motion.  Moreover, when Defendants challenged Plaintiff's noncompliance with such rule, Plaintiff declined to explain its failure to comply with the Court's Local Rules.  The Court has the discretion to forgive violations of the Local Rules.  However, if there is any case where a party's indifference towards Local Rule 56(B) warrants denial of a summary judgment motion, it is this one.

Plaintiff's statement of undisputed facts falls woefully short of the requirements of this Court's Local Rules. Defendants have alleged that Plaintiff's patents are

unenforceable as a result of the following alleged acts of misconduct: (1) misrepresentations regarding Farr's status as an inventor of the '204, '341, and '001 patents; (2) misrepresentations regarding Block's status as an inventor of the '204, '359, '344, and '341 patents; (3) failure to disclose the TelDig Utility Suite product as material prior art; (4) failure to disclose the ESRI ArcPad software as material prior art; and (5) misrepresentations regarding the "Tucker" and "Sawyer" prior art references. However, although Plaintiff seeks summary judgment on Defendants' inequitable conduct counterclaims, Plaintiff's statement of undisputed facts does not set forth any facts essential to Plaintiff's attempt to refute Defendants' inequitable conduct allegations. Instead, Plaintiff simply describes, in broad strokes, the general technology embraced within the patents-in-suit, the patent families of which the patents-in-suit are a part, and that "Steven Nielsen and Curtis Chambers are named inventors on all five patents, while Jeffrey Farr is also a named inventor on the '001, '204, and '341 [p]atents." Pl.'s Mem. Supp. Mot. for Summ. J. at 1. In addition, Plaintiff's statement of undisputed facts attempts to incorporate transcripts of five depositions; however, the citation to such transcripts without any reference to the facts stated therein, upon which Plaintiff relies to support its motion, does not permit the Court to discern those

10

facts that Plaintiff contends are undisputed. Furthermore, in the body of Plaintiff's brief, Plaintiff cites almost exclusively to facts outside its one-page statement of undisputed facts to support its contention that it is entitled to summary judgment on each of Defendants' inequitable conduct counterclaims because Defendants have failed to adduce sufficient evidence to demonstrate inequitable conduct under Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276 (Fed. Cir. 2011) (en banc). By relying on such facts to support its assertion that it is entitled to judgment as a matter of law, Plaintiff indicated that such facts are "material" because they "might affect the outcome of the suit." See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). But, by failing to include within its statement of undisputed facts those facts on which Plaintiff later relies throughout its brief, Plaintiff did not "lis[t] all material facts as to which the moving party contends there is no genuine issue and cit[e] the parts of the record relied on to support the listed facts as alleged to be undisputed." E.D. Va. Loc. R. 56(B). Accordingly, Plaintiff violated Local Rule 56(B).

Plaintiff's violation of the Local Rules is more than a procedural misstep. Local Rule 56(B) is not a trap for the unwary designed to ensnare hapless litigants. Rather, it is inextricably connected to the burden that the Federal Rules of

Civil Procedure impose on a summary judgment movant: "show[ing] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Local Rule 56(B) serves two salutary purposes. It notifies non-moving parties of the facts that the movant contends are undisputed and support the movant's alleged entitlement to judgment as a matter of law, and it provides the Court with an organized analytical framework to assess whether any material factual dispute exists and whether the movant is entitled to the relief sought. A party that ignores Local Rule 56(B) undermines those dual purposes and impedes the Court's ability to fairly and expeditiously resolve a motion for summary judgment. As aptly stated by another court applying its analogous local rule:

> When a party fails to comply with these provisions it is unfair to its adversary, which has a right to know the factual bases of its opponent's case and the specific foundations for those assertions of fact; and its conduct is adverse to the conservation of judicial resources, which are most efficiently deployed when the parties fulfill their adversarial functions in a rigorously organized, coherent fashion.

Jackson v. Broome Cnty. Corr. Facility, 194 F.R.D. 436, 437 (N.D.N.Y. 2000); see also Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000); Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir. 1995). Accordingly, while a court occasionally may forgive a litigant for failing to strictly comply with mere

procedural formalities in the Local Rules, a violation of Local Rule 56(B) lies at the more serious end of the spectrum of non-compliance because such rule originates from the burden that the Federal Rules of Civil Procedure impose on a party moving for summary judgment. A movant's compliance with Local Rule 56(B) is critical for a court—and opposing parties—to assess the merits of the movant's summary judgment motion.

In this case, Plaintiff's refusal to follow Local Rule 56(B) warrants denial of its motion. As set forth above, Plaintiff's statement of undisputed facts did not come anywhere near compliance with the requirements of the Court's Local Rules. To be sure, however, the extent of Plaintiff's violation alone does not dictate the Court's conclusion regarding the appropriate sanction. Here, context matters too. In Plaintiff's status report, as a footnote to its representation that "[t]he case is ripe for summary judgment," Plaintiff asserted that "[w]hile the Court concluded that S&N's pleading states a claim under Exergen . . . S&N cannot prove inequitable conduct under the heightened standard of Therasense . . . or when a full set of undisputed facts are presented rather than the allegations in the amended answer." Pl.'s Status Report at 5 & n.4 (emphasis added). The Court then granted Plaintiff's request for leave to file a second summary judgment motion, one which would involve Defendants' inequitable conduct allegations.

Nonetheless, Plaintiff's brief in support of its motion for summary judgment did not present a "full set of undisputed facts." Far from it. In such statement, Plaintiff included none of the critical facts it later used, throughout its brief, to support its challenges to Defendants' inequitable conduct counterclaims. Furthermore, Defendants squarely raised the issue whether the Court should deny Plaintiff's motion due to the shortcomings of Plaintiff's statement of undisputed facts.[4] Yet, in its reply brief, Plaintiff did not address Defendants' procedural argument in any way. Plaintiff did not attempt to explain why it had failed to comply with Local Rule 56(B). Plaintiff did not request leave to amend its brief to comply with the Local Rules. Plaintiff did not ask the Court to exercise its inherent equitable authority to reach the merits of Plaintiff's motion, notwithstanding its deficiencies. Succinctly stated, Plaintiff did nothing to address its failure to comply with Local Rule 56(B). The Court is mindful of its discretion to overlook violations of the Local Rules. However, in a case in which Plaintiff has ignored Local Rule 56(B), Defendants expressly have challenged Plaintiff's failure to

---

[4] Indeed, in the same section that Defendants contested Plaintiff's statement of undisputed facts, Defendants even cited SwimWays Corp., a case in which the undersigned Judge overlooked a movant's partial noncompliance with Local Rule 56(B) because the non-moving party had not raised the issue and the movant's statement of undisputed facts, though brief, at least included facts addressing the merits of its arguments. 2014 WL 3615981, at *9.

comply with such rule, and Plaintiff categorically has declined to explain such failure, if a rule as important as Local Rule 56(B) is to be anything other than a dead letter, the Court must **DENY** Plaintiff's motion.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 341. In light of such ruling, the Court **CANCELS** the hearing originally set for August 14, 2015 because oral argument would not aid in the decisional process. The Court **DIRECTS** counsel for the parties to contact the docket clerk within seven (7) days after the entry of this Memorandum Order to set the date for the bench trial in this matter.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS ORDERED.**

/s/
Mark S. Davis
United States District Judge

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 7, 2015