UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES, LLC,

      Plaintiff,

v.                                            ACTION NO. 2:13cv346

S&N LOCATING SERVICES, LLC, and
S&N COMMUNICATIONS, INC.,

      Defendants.

## OPINION & ORDER

Presently before the Court is the determination of the amount of attorneys' fees and costs to which S&N Locating Services, LLC, and S&N Communications, Inc. ("S&N") collectively are entitled as a result of the undersigned granting S&N's Request for Sanctions (ECF No. 232). This request stems from attorneys' fees and costs incurred by S&N to brief and attend hearings on two motions to compel. The undersigned has entered an Order granting S&N's request for fees. ECF No. 254. For the reasons outlined below, the Court **ORDERS** CertusView Technologies, Inc. ("CertusView") to pay S&N sanctions in the amount of $42,464.06.

## I. *BACKGROUND*

On October 3, 2014, the Court held a hearing and granted Defendants' Motion to Compel ("First Motion to Compel"). ECF No. 138. Daniel O'Connor, Esq., represented Defendants at the hearing. CertusView was ordered to turn over two Market Intelligence Reports that were clawed back during the deposition of Curtis Chambers on the basis of attorney-client privilege, and S&N was granted the opportunity to conduct a continuation of the deposition of Curtis Chambers.

On November 19, 2014, the undersigned held a hearing and granted S&N's Emergency Motion to Compel ("Second Motion to Compel", ECF No. 199). Order, ECF No. 220. Daniel O'Connor, Esq., and Weldon Rankin, Esq., represented Defendants at the hearing. Defendants were seeking the production of documents that Plaintiff argued were protected by the attorney-client privilege. Plaintiff asserted that the attorney-client privilege was not waived by disclosure to third parties because the third parties were the functional equivalent of CertusView employees. The Court made the following findings: (1) Plaintiff failed to make the specific demonstration required to show that the documents at issue were privileged according to the criteria set forth in *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004); and, (2) even if the documents had been privileged, the third parties were not the functional equivalent of CertusView employees. In the Order granting the Second Motion to Compel, the undersigned indicated that S&N "may file a request for monetary sanctions." ECF No. 220.

On December 5, 2014, S&N filed a Request for Monetary Sanctions focusing on the amount of sanctions requested. ECF No. 232. Plaintiff responded on December 29, 2014, arguing, in part, that sanctions should not be awarded. ECF No. 240. On January 30, 2015, the undersigned entered an Order granting S&N's request for fees and costs to be awarded as a sanction, and established a briefing schedule to address the amount of fees and costs requested. ECF No. 254.

CertusView filed objections to the undersigned's Orders entered November 20, 2014 and January 30, 2015, and the objections were overruled by United States District Judge Mark A. Davis. ECF No. 296. CertusView then filed a response to S&N's request for sanctions asserting

2

that the fees and costs requested by S&N were unreasonable. ECF No. 307. CertusView further asserted that the request should be reduced by $18,458.55, the amount of fees and costs CertusView is now seeking as a result of Magistrate Judge Lawrence A. Leonard's granting CertusView's request for costs and fees after ruling in their favor on a motion to compel in April 2014. ECF No. 116.

S&N has replied to the response (ECF No. 314), and the issue of the amount of fees and costs is ripe for determination.

## II. *STANDARD OF REVIEW*

Review of the reasonableness of S&N's request for attorneys' fees begins with a determination of the "lodestar figure," which is calculated "by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. Mills Corp.,* 549 F.3d 313, 320 (4th Cir. 2008)). To determine a "reasonable" number of hours and rate, the Court is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243–44 (quoting *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). Because this matter involves a discovery motion rather than a determination of fees

due following the completion of trial, the Court finds that the fourth, sixth, seventh, eighth, tenth, and eleventh factors are not particularly applicable, leaving the Court to address the first, second, third, fifth, ninth and twelfth factors. *See Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 450 (E.D. Va. 2014). In addition to these factors, "the court must exclude any hours that are 'excessive, redundant, or otherwise unnecessary,' as such hours are not reasonably expended on the litigation." *Project Vote/Voting for Am., Inc. v. Long,* 887 F. Supp. 2d 704, 709 (E.D. Va. 2012) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

### III. *ANALYSIS*

S&N requests an award of $98,582 in attorneys' fees[1] and $5,578.41 in costs. ECF No. 235 at 2.[2] CertusView challenges S&N's award request on the grounds that the amount of time spent drafting the motions to compel was excessive and that S&N should not recover for the time spent reviewing privilege logs, documents, and deposition transcripts or attending the deposition of Mr. Chambers (the first factor), the amount of senior partner time expended was unnecessary given the novelty and difficulty of the questions raised (the second factor), projects were overstaffed in light of the skill required to properly perform the legal services rendered (the third factor), and the amount of the requested award exceeds that awarded in similar cases, particularly considering S&N's unnecessary travel expense of a first class airfare ticket (the twelfth factor). ECF No. 310-1 at 3-9. CertusView does not object to S&N's billing rate nor does CertusView dispute the experience, reputation, and abilities of the attorneys involved (the fifth and ninth

---

[1] The Court notes that S&N's attorneys' fees recorded for the two motions to compel add up to $98,583.75. ECF No. 235-1 at 2-6. The Court, however, will deduct from the starting point of $98,582, S&N's requested attorneys' fees.

[2] In the analysis section, reference will be made to the briefs and attachments filed under seal by the parties.

factors). ECF No. 310-1 at 12. Additionally, CertusView asserts that S&N's award request should be reduced by $18,458.55, the amount owed to CertusView based on CertusView's previously granted motion to compel interrogatory responses. ECF No. 310-1 at 9.

As to the first factor, the Court **FINDS** that S&N spent excessive time drafting two motions to compel, and the Court accordingly lowers S&N's award; however, the Court refrains from lowering S&N's award further based on the time S&N spent reviewing privilege logs, documents, and deposition transcripts or the costs associated with Mr. O'Connor's travel to the deposition of Mr. Chambers. As to the second factor, the Court **FINDS** that the percentage of senior partner time expended was reasonable given the novelty and difficulty of the questions raised. As to the third factor, the Court **FINDS** that the hearing on the Second Motion to Compel and Mr. Chambers' deposition were overstaffed in light of the skill required to properly perform the legal services. As to the fifth and ninth factors, the Court **FINDS** that S&N's billing rates were customary for like work and that the ninth factor justifies the specific hourly rates charged. As to the twelfth factor, the Court **FINDS** that similar cases do not fully justify S&N's total award request, particularly considering S&N's request for first class airfare reimbursement. Finally, based on the evidence that has been submitted, the Court **FINDS** that S&N's award should be reduced by $18,458.55, the amount owed to CertusView based on CertusView's previously granted motion to compel interrogatory responses. The Court addresses each of these factors in turn.

### A. *Factor 1: Time and Labor Expended*

S&N seeks attorneys' fees for the time and labor expended drafting two motions to compel. ECF No. 318 at 2. According to the chart submitted in support of the fee request, three

of S&N's attorneys spent a total of 58.3 hours researching and drafting the First Motion to Compel. ECF 235-1 at 2-3. Ms. Choi recorded 10.5 hours ($4,063.50) preparing the First Motion to Compel, Mr. Rankin recorded 41.8 hours ($23,512.50), and Mr. O'Connor recorded 6 hours ($4,050). ECF No. 235-1 at 2-3. The records show that three of S&N's attorneys spent a total of 71.6 hours researching and drafting the Second Motion to Compel. ECF 235-1 at 4-6. Ms. Hausler recorded 44.5 hours ($17,221.50) researching and drafting the Second Motion to Compel, Mr. Rankin recorded 17.4 hours ($9,787.50), and Mr. O'Connor recorded 9.7 hours ($6,547.50). ECF No. 235-1 at 4-6. Accordingly, attorneys' fees recorded for the time spent researching and drafting both motions to compel total 129.9 hours and $65,182.50. ECF 235-1 at 2-6.

  S&N argues that a reasonable amount of time was billed, given the time and labor necessary to draft four briefs. ECF No. 235 at 10. S&N asserts that each brief required legal research and analysis, as well as an in depth review of deposition and hearing transcripts, prior pleadings, and evidence on file with the Court. ECF No. 235 at 10-11. S&N also emphasizes that the Second Motion to Compel required lengthy review of privilege logs, which contained over 600 documents. ECF No. 235 at 11. S&N contends that CertusView's discovery misconduct contributed to the amount of time counsel spent preparing the motions to compel. ECF No. 318 at 3. S&N argues that the extent of CertusView's "efforts to keep non-privileged documents from being produced" forced S&N to spend more time examining the record "with a particularly discerning eye as the truth trickled out." ECF No. 318 at 3.

  CertusView claims that the time S&N spent drafting the two motions to compel exceeded the complexity of the issues. ECF No. 310-1 at 3. According to CertusView, the issues involved

"a few fairly straightforward questions of attorney-client privilege," rather than complex questions of patent law requiring a large amount of time. ECF No. 310-1 at 4. CertusView contends that S&N's decision to spend a great amount of time on the motions to compel was a "tactical decision." ECF No. 310-1 at 4. CertusView further argues that the involvement of highly experienced patent attorneys should have reduced the time necessary to draft the motions to compel. ECF No. 310-1 at 3. With respect to the specific review of privilege logs, documents, and deposition transcripts made in connection to the motions to compel, CertusView argues that S&N should not recover fees for work that should be done as a matter of course during litigation. ECF No. 310-1 at 6-7 (citing *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 6685440, at *5 (E.D. Va. Nov. 25, 2014)). Accordingly, CertusView asks that S&N's recovery be reduced by $5,181.30 for the time S&N spent reviewing CertusView's privilege logs, documents, and deposition transcripts. ECF No. 310-1 at 5-7. Lastly, CertusView asks for a separate reduction of $2,355.70, which represents the airfare and hotel expenses for travel to the deposition of Mr. Chambers. ECF No. 310-1 at 6.

The party requesting fees bears the burden of demonstrating the reasonableness of what it seeks to recover. *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The fee applicant bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee under the circumstances. *See Hensley*, 461 U.S. at 433. Based on the issue being contested, the Court **FINDS** that S&N spent excessive time drafting the two motions to compel. As S&N notes, CertusView's improper privilege assertions and misleading statements increased the time necessary to research and draft the two motions to compel. *See Flame S.A. v. Indus. Carriers*, No. 2:13-cv-658, 2014 WL 7185199, at

7

*11 (E.D. Va. Dec. 16, 2014) (acknowledging the "complex challenge" presented by the opposing party's "discovery misconduct" and "history of stonewalling discovery and delay tactics"). However, CertusView's conduct does not fully justify the 129.9 hours that two partners and two associates spent on two motions to compel. While the court has found it reasonable and customary for "associates and partners to work on the same motion," *MiTile, Ltd. v. Hasbro, Inc.*, No. 1:13-cv-451, 2013 WL 5525685, at *7 (E.D. Va. Oct. 4, 2013), the total time, if excessive, must be reduced. *See Hensley*, 461 U.S. at 434 (finding that excessive hours should be excluded from the fee calculation). Accordingly, Mr. O'Connor's recoverable hours for researching and drafting the motion will be reduced from 15.7 to 7.85, Mr. Rankin's recoverable hours from 59.2 to 29.6, Ms. Choi's recoverable hours from 10.5 to 5.25, and Ms. Hausler's recoverable hours from 44.5 to 22.25. The Court **FINDS** that total recoverable hours for the time spent researching and drafting the two motions to compel will be lowered from 129.9 hours to 64.95 hours for a reduction of $32,591.25.

However, the Court **FINDS** that S&N's award should not be reduced by an additional $5,181.30, the amount representing the time counsel spent reviewing privilege logs, documents, and deposition transcripts, or by $1,189.72, the expenses associated with Mr. O'Connor's travel[3] to the deposition of Mr. Chambers. *Lismont* noted that recovery in discovery disputes encompasses a "broad array of expenses including 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Lismont*, 47 F. Supp. at 455 (citing *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (quoting *Aerwey Laboratories v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565-66 (N.D. Ill. 1981)). In the present

---

[3] S&N also requests $1,165.98 for Ms. Choi's travel to the continued deposition of Mr. Chambers. This request is addressed in III.A.2.

case, S&N asserts that privilege logs, documents, and deposition transcripts were analyzed "directly in the context of the second motion to compel relating to the continued discovery misconduct of CertusView." ECF No. 318 at 9. The billing records show that the privilege logs, documents, and depositions transcripts would not have been reviewed had the second motion to compel not been required by CertusView's discovery misconduct. ECF No. 235 at 4-6. Similarly, the statements of Mr. Chambers that provided the basis for the improper privilege assertions compelled his continued deposition and, consequently, the travel expenses that ensued. ECF No. 318 at 8. Accordingly, the Court **FINDS** that S&N's recoverable hours will not be further reduced based on the time counsel spent reviewing privilege logs, documents, and deposition transcripts, or the expenses associated with Mr. O'Connor's attendance at the deposition of Mr. Chambers.

### B. *Factor 2: The Novelty and Difficulty of the Questions Raised*

CertusView contends that, given the novelty and difficulty of the questions raised, senior partners performed a disproportionate amount of the work that should instead have been completed by more junior associates. ECF No. 310-1 at 4. The Court rejects this argument. As S&N remarks, senior attorney Mr. Rankin was in the best position to prepare the motions to compel, given his familiarity with the facts. ECF No. 218 at 5. As S&N notes, there are situations where a senior attorney's greater understanding of the facts associated with a dispute justifies more involvement in the interests of efficiency. ECF No. 318 at 4 (citing *Lismont*, 47 F. Supp. 3d at 456). Here, Mr. Rankin understood the details of the dispute more fully, in part because he conducted the initial deposition of Mr. Chambers. ECF No. 318 at 5. Furthermore, in *Lismont*, the court upheld the reasonableness of an award where 72 out of the 89.5 hours were

9

billed by three senior partners. *Lismont*, 47 F. Supp. 3d at 455. Compared to *Lismont*, where the partners billed 80% of the total hours, senior partners in the present case billed a lower amount at 70% of the total hours. ECF No. 235 at 2-6. Therefore, the Court **FINDS** that, given the overall reduction of hours addressed in section III.A, partners devoted a reasonable percentage of the time spent on the two motions to compel in light of the novelty and difficulty of the questions raised.

### C. *Factor 3: The Skill Required to Properly Perform the Legal Services Rendered*

CertusView argues that S&N's award should be reduced based upon improper overstaffing, in light of the skill required to properly perform the legal services rendered. ECF No. 310-1 at 7. CertusView specifically argues that S&N overstaffed the hearing on S&N's Second Motion to Compel (attended by both Mr. O'Connor and Mr. Rankin)[4] and the depositions (attended by both Mr. O'Connor and Ms. Choi). ECF No. 310-1 at 7-8. The Court addresses each of CertusView's overstaffing arguments in turn.

#### 1. *The Hearing on S&N's Second Motion to Compel*

CertusView argues that two senior partners, Mr. O'Connor and Mr. Rankin, should not have both attended the hearing on S&N's Second Motion to Compel. ECF No. 310-1 at 7. Because Mr. O'Connor argued the motion at the hearing, CertusView asserts that Mr. Rankin's presence was unnecessary. EFC No. 310-1 at 7. CertusView notes that, at the same hearing, CertusView sent only one partner, Mr. Moore, and one associate, Ms. Rubin. ECF No. 310-1 at

---

[4] The Court also considers S&N's expenses associated with the hearing on S&N's First Motion to Compel. Requested expenses associated with the hearing on the First Motion to Compel include 16.4 hours of Mr. O'Connor's time ($11,070), 1 hour of Mr. Rankin's time ($562.50), and Mr. O'Connor's travel expenses to the hearing on the First Motion to Compel ($1,289.52). ECF Nos. 235-1 at 3, 232-3 at 3. The Court **FINDS** these expenses reasonable.

7. Accordingly, CertusView asks that S&N's award be reduced by $9,477.57, which represents Mr. Rankin's preparation for the hearing (14.7 hours of work totaling $8,268.75) and his travel expenses (airfare and hotel costs for attendance at the hearing totaling $1,208.82).[5] ECF No. 310-1 at 7. A specific breakdown of the hours Mr. Rankin spent preparing for the second hearing includes 1 hour preparing an oral argument outline, 6.2 hours reading and analyzing the motion to compel briefing and exhibits and drafting an oral argument outline, and 7.5 hours preparing for and participating in the hearing on S&N's emergency motion to compel. ECF No. 235-1 at 6.

S&N argues that the attendance of both partners was necessary for the hearing. ECF No. 318 at 10. While acknowledging that Mr. O'Connor alone presented oral arguments at the hearing, S&N argues that Mr. Rankin's presence provided necessary factual expertise based on Mr. Rankin's "initial deposition of Mr. Chambers and the briefing underlying both motions," his extensive work drafting the second motion to compel, and the oral argument outlines that he prepared for the hearing. ECF No. 318 at 10. Accordingly, S&N argues that Mr. Rankin's presence at the second motion to compel hearing was "not duplicative to Mr. O'Connor but complementary." ECF No. 318 at 10. Additionally, S&N contends that the seriousness of the second hearing required the presence of two senior attorneys, both who possessed the kind of extensive knowledge of the case required to answer questions arising at the hearing. ECF No. 318 at 11.

S&N asserts that multiple attorneys often properly attend hearings as "common practice."

---

[5] The Court notes that S&N also asks for an award amount in the sum of $13,500 for Mr. O'Connor's attorneys' fees for the hearing on the Second Motion to Compel and $724.37 for Mr. O'Connor's travel expenses to attend the hearing on S&N's Second Motion to Compel. ECF Nos. 235-1 at 6, 232-3 at 4. The Court **FINDS** these expenses reasonable.

11

ECF No. 318 at 10 (citing *MiTile, Ltd. v. Hasbro, Inc.*, No. 1:13-cv-451, 2013 WL 5525685, at *2 (E.D. Va. Oct. 4, 2013)). While *MiTile* does provide some support for that assertion, the case specifically addresses the work of joint associates and partners, stating that "it is reasonable and customary for both associates and partners to work on the same motion and their time expended is not duplicative, but appropriate." *MiTile, Ltd.*, 2013 WL 5525685, at *2. In this case, however, Mr. O'Connor and Mr. Rankin, two senior partners billing $675 and $562.5 per hour respectively, attended the hearing for the Second Motion to Compel. ECF No. 235-1 at 5-6. In light of the skills required to properly perform this legal service for S&N, the Court **FINDS** that the attendance of two partners was excessive. Where a task does not require the use of multiple attorneys, the Court should "award fees for the time of one attorney." *Cox v. Reliance Std. Life Ins. Co.*, 179 F. Supp. 2d 630, 636 (E.D. Va. 2001). The Court should exclude "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Accordingly, the Court **FINDS** that S&N's award will be reduced by $9,477.57.

### 2. *Attendance at Mr. Chambers' Deposition*

CertusView also argues that S&N overstaffed the deposition by sending both Ms. Choi and Mr. O'Connor to Mr. Chambers' deposition. ECF No. 310-1 at 7. Arguing that Ms. Choi's attendance was unnecessary, CertusView asks that S&N's award be reduced by $1,165.98, the amount associated with Ms. Choi's travel to Mr. Chambers' deposition. ECF No. 310-1 at 7. S&N contends that Ms. Choi's attendance was necessary, as "more junior attorneys [play] critical roles including drafting scripts, formulating follow-up questions, and locating documents for the generally more-senior deposing attorney." ECF No. 318 at 11. However, the Court **FINDS** that while Ms. Choi's presence at Mr. Chambers' deposition was certainly helpful, her

presence was not indispensable considering Mr. O'Connor's experience. ECF No. 310-1 at 7-8. Despite that fact that "it is reasonable and customary for both associates and partners to work on the same motion," *MiTile, Ltd.*, 2013 WL 5525685, at *2, this district has not upheld the necessity of having both a partner and associate travel to a deposition. Consequently, the Court **FINDS** that S&N's award will be reduced by $1,165.98, the costs associated with Ms. Choi's travel to Mr. Chambers' deposition.

### D. *Factors 9 and 5: The Experience, Reputation and Ability of the Attorneys and the Customary Fee for Like Work*

S&N's attorneys who participated in the preparation of the two motions to compel include Mr. Rankin (Partner with 12 years of experience), Mr. O'Connor (Partner with 40 years of experience), Ms. Hausler (Associate with 4 years of experience), and Ms. Choi (Associate with 3 years of experience). ECF No. 235-5 at 4. All attorneys are partners and associates of the firm Baker & McKenzie LLP. ECF No. 235-5 at 3. The Curriculum Vitaes ("CV") of Mr. O'Connor and Mr. Rankin show expertise in patent litigation. ECF No. 235-5 at 4. Ms. Choi's CV lists experience in networks, software, communication systems, semiconductors, optics, medical devices, and display technology. ECF No. 235-5 at 4. Ms. Hausler's CV shows experience in complex litigation. ECF No. 235-5 at 4. CertusView does not dispute the experience, reputation, and abilities of these attorneys. Based on the work they performed and their resumes and credentials, the Court **FINDS** that the ninth factor weighs in S&N's favor.

Concerning the fifth factor, S&N proffered the following billing rates for its four attorneys who worked on the two motions to compel: Mr. Rankin—$562.50 per hour; Mr. O'Connor—$675 per hour; Ms. Hausler—$387 per hour; Ms. Choi—$387 per hour. ECF No. 235-1 at 2-6. In determining whether S&N's requests are reasonable, the Court first considers

13

the Declaration of Craig L. Mytelka, an attorney who is not counsel in this case. ECF No. 235-5 at 2-9. The Fourth Circuit has determined that, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler*, 902 F.2d at 277 (citations omitted). In his declaration, Mr. Mytelka states that the specific rates charged by the attorneys of Baker & McKenzie are reasonable in light of the attorneys' years of experience for "complex, high-stakes civil litigation in federal court." ECF No. 235-5 at 5. Mr. Mytelka further notes that similar rates have been approved in the Norfolk Division of the Eastern District of Virginia. *See Swimways Corp. v. Tofasco of America, Inc.*, No. 2:08-cv-481, 2009 U.S. Dist. LEXIS 122865, at *3 (E.D. Va. Sep. 3, 2009) (approving and applying a rate of $675 per hour for partner time and $435 per hour for associate time). CertusView does not dispute the reasonableness of S&N's billing rates. ECF No. 310-1 at 12. In fact, it appears as though counsel for CertusView charged CertusView higher rates than those charged to S&N. ECF No. 310-1 at 12. Considering the Declaration of Independent Counsel Craig L. Mytelka and CertusView's lack of objection to the billing structure, the Court **FINDS** that S&N's billing rates were reasonable and customary for like work.

  **E.** *Factor 12: Fee Awards in Similar Cases*

  With respect to the twelfth factor, CertusView argues that S&N's fee request surpasses fee awards made in similar cases. CertusView cites six Fourth Circuit cases where the court awarded fees in the $5,000 to $30,000 range pursuant to Rule 37(a)(5). ECF No. 310-1 (citing *Flame S.A. v. Indus. Carriers*, No. 2:13-cv-658, 2014 WL 7185199 (E.D. Va. Dec. 16, 2014) (awarding $8,400 and $19,797 pursuant to Rule 37 on two separate occasions); *Lismont v.*

*Alexander Binzel Corp.*, 47 F. Supp. 3d 443 (E.D. Va. 2014) (awarding $33,873 in fees and costs for multiple motions to compel); *Papanicolas v. Project Execution & Control Consulting, LLC*, No. CBD-12-1579, 2014 WL 5297646 (D. Md. Oct. 10, 2014) (awarding $8,337.22 in fees and costs on a motion to compel); *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-02992-DCN, 2015 WL 436217 (D.S.C. Feb. 5, 2013) (awarding $11,360 in fees for a discovery request); *Hairston v. Prince George's County*, No. PJM-09-3431, 2011 WL 6000757 (D. Md. Nov. 29, 2011) (awarding $5,756.01 in fees to compel production of spoliated materials); *Mills v. E. Gulf Coal Preparation Co., LLC*, No. 5:08-0260, 2010 WL 1050359 (S.D. W. Va. Mar. 18, 2010) (awarding $6,120 in fees for briefing and arguing a motion to compel)). The cases listed by CertusView do not grant awards similar to the $98,582 in attorneys' fees and $5,578.41 in costs that S&N seeks here. ECF No. 235 at 2.

      S&N alleges that the cases cited by CertusView do not involve the same level of complexity as does the present case. ECF No. 318 at 16. In support of their request for a larger award, S&N cites *Swimways*, a case in which the court awarded $61,169.69 in attorneys' fees and costs associated with a single motion to compel. *Swimways Corp.*, 2009 U.S. Dist. LEXIS 122865, at *3. While acknowledging that *Swimways* involved a preliminary injunction violation not at issue in the present case, S&N asserts that attorneys' fees were awarded in *Swimways* for a motion to compel discovery because "the discovery of the violation of the preliminary injunction was a direct result of the motion to compel." ECF No. 218 at 14-15. Additionally, S&N argues that the present case compares to cases where discovery misconduct has increased the complexity of the case. ECF No. 318 at 16. S&N compares the present case to *Flame*, a case involving discovery misconduct, where the court awarded attorneys' fees for 52.7 hours of work.

15

ECF No. 318 at 15-16 (citing *Flame S.A.*, 2014 WL 7185199, at *14). S&N further compares the discovery misconduct at issue to *Lismont*, a case in which the court found an award for 89.5 hours reasonable based on the preparation of a "motion for entry and a reply in support of the motion; two supplemental briefs; a declaration and reply; and a motion for attorneys fees." ECF No. 318 at 16 (citing *Lismont*, 47 F. Supp. 3d at 450). However, as noted above, the court in *Flame* awarded attorneys' fees in the amount of $8,400 in connection to a motion to compel and $19,797 in connection to a motion for sanctions. *Flame S.A.*, 2014 WL 7185199, at *15. In *Lismont*, the court awarded $33,469 in attorneys' fees and $404.01 in Westlaw research fees. *Lismont*, 47 F. Supp. 3d at 459. Ultimately, S&N bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee in the circumstances. *See Henley*, 461 U.S. at 433. Both awards in *Flame* and *Lismont* were considerably lower than the amount S&N requests, despite what S&N refers to as similar discovery misconduct between the two cases. ECF No. 318 at 16. Accordingly, an analysis of total fee awards in similar cases does not clearly support S&N's request for $98,582 in attorneys' fees and $5,578.41 in costs. ECF No. 235 at 2. After subtracting the Court's aforementioned reductions from S&N's requested amount, S&N's awards stands at $60,925.61. The Court **FINDS** this figure to be much more reasonable considering fee awards in similar cases.

Along with CertusView's more general allegation that S&N's award request exceeds total awards issued in similar cases, CertusView specifically disputes S&N's request for first class airfare reimbursement and $3 gift shop purchase. CertusView asserts that expenses related to S&N's first class airfare should not be awarded. ECF No. 310-1 at 8. CertusView asks that S&N's request be reduced by $253.55, which represents 25% of the $1,014.20 plane ticket that

included a first class seat. ECF No. 310-1 at 8. In response, S&N notes that the costs associated with Mr. Rankin's first class airfare ticket were not the product of frivolity, but rather the fact that a first class ticket was available for a direct flight as opposed to a main cabin ticket also available that "would have required a connecting flight through Charlotte and approximately five hours of travel time." ECF No. 318 at 13. The court has noted that "[a]bsent some unusual circumstances . . . it is not reasonable to shift to the opposing party the costs of first class air travel, luxury cars, or even unreasonably high charges for less luxurious models." *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 264 F. Supp. 2d 753, 762 (S.D. Ind. 2003). While acknowledging S&N's argument that *Eli Lilly* does not state that first class airfare can never be awarded, the Court **FINDS** that a longer layover does not amount to the kind of "unusual circumstances" that would justify an award for first class airfare in this case. *Eli Lilly*, 264 F. Supp. 2d at 762. However, the Court will not further reduce S&N's award by $253.55 to account for the first class airfare because the Court previously deducted, in III.C.1, all of the travel expenses associated with Mr. Rankin's travel to the hearing on the Second Motion to Compel, including the costs associated with the first class flight.

CertusView further argues that it would not be appropriate to award S&N the $3 counsel spent on gift shop purchases during travel. ECF No. 310-1 at 8. S&N refrains from contesting the $3 charge. ECF No. 318 at 14. Accordingly, the Court FINDS that S&N's award will be reduced by the $3 spent at the gift shop.

### F. *Previous Award to CertusView of $18,458.55*

Lastly, CertusView argues that any award granted to S&N should be reduced by $18,458.55 based upon the court's prior ruling on CertusView's motion to compel interrogatory

17

responses. ECF No. 310-1 at 9. S&N contends that CertusView's inaction for 10 months should prohibit them from now requesting an award. ECF No. 318 at 17. Despite CertusView's failure to take speedy action to collect fees, the Court **FINDS** that S&N's award will be reduced by $18,458.55. As acknowledged by S&N, the Court imposed no official time limit that required CertusView to take action to collect fees. ECF No. 318 at 17. Furthermore, the Court has examined CertusView's brief, the Declaration of Aaron W. Moore in Support of Plaintiff CertusView's Request for Fees, and the summary of time counsel for CertusView recorded for the motion to compel, and **FINDS** CertusView's request reasonable in light of the factors discussed above. ECF No. 310-1 at 9-14, Ex. A, Ex. B. The Court acknowledges S&N's argument that CertusView improperly relies on a declaration of its own counsel, Aaron Moore, and on the affidavit of S&N's independent counsel, Craig Mytelka, to show the reasonableness of their requested fees. ECF No. 318 at 18. However, in these circumstances, both CertusView and S&N have utilized the same rate structure for their requests for fees. ECF No. 310-1 at 11-12. Accordingly, the Court **FINDS** that CertusView's request contains sufficient evidence of the prevailing market rates and reduces S&N's award by $18,458.55.

## IV. *CONCLUSION*

Defendant S&N's Request for Monetary Sanctions, ECF No. 232, is **GRANTED IN PART**, and S&N is awarded $57,722 in attorneys' fees and $3,200.61 in costs, less $18,458.55 for CertusView's previous award, for a total award amount of $42,464.06.

---

The Clerk shall mail a copy of this Order to all counsel of record.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
September 1, 2015