# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| CERTUSVIEW TECHNOLOGIES, LLC, | |
| PLAINTIFF | |
| vs. | Case No. 2:13-cv-00346-MSD-TEM |
| S&N LOCATING SERVICES, LLC and S&N COMMUNICATIONS, INC., | Jury Trial Demanded |
| DEFENDANTS | |

**CERTUSVIEW TECHNOLOGIES, LLC'S REBUTTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF JUDGMENT OF PATENT INELIGIBILITY UNDER 35 U.S.C. § 101**

## Table of Contents

Page

I.    INTRODUCTION ............................................................................................................ 1

II.   ARGUMENT................................................................................................................... 2

    A.    Reconsideration of the judgment of patent ineligibility for claim 1 of the '359 patent is warranted by the Enfish decision and new trial evidence .............. 2

        1.    Reconsideration is warranted by the Federal Circuit's Enfish decision ...................................................................................................... 3

            a.    Enfish clarified one of the most unsettled areas of patent law.................................................................................................. 3

            b.    Enfish's holding is broader than S&N admits and applies to this case...................................................................................... 4

                (1)    The Federal Circuit's most-recent § 101 decision underscores that Enfish's holding applies to all cases ...................................................................................... 5

            c.    The Fourth Circuit has indicated that a decision that clarifies an unsettled area of the law is a basis for reconsideration.................................................................................. 6

            d.    Courts have reconsidered patent eligibility after Enfish or ordered additional briefing.............................................................. 7

        2.    Reconsideration is warranted in light of the trial evidence now in the record ............................................................................................... 8

            a.    The undisputed evidence introduced at trial shows that the Court's fact findings regarding claim 1 were mistaken................. 8

            b.    Evidence outside of the patent specification and claims can be relevant to patent eligibility ....................................................... 9

    B.    Under Enfish, claim 1 is patent-eligible ............................................................. 10

        1.    Mayo/Alice Step One: Under Enfish, claim 1 is not directed to an abstract idea ...................................................................................... 10

        2.    Mayo/Alice Step Two: Claim 1 is patent eligible.................................... 11

            a.    S&N does not dispute that, as an ordered combination of limitations, claim 1 is patent eligible .......................................... 11

            b.    S&N's arguments about the conventionality of specific claim limitations does not bear on the eligibility of claim 1 as a whole.................................................................................. 12

    C.    The trial evidence is relevant and should be considered in the § 101 analysis................................................................................................................ 13

**Table of Contents**

(continued)

**Page**

1. Bascom illustrates why the trial evidence is relevant to the patent eligibility inquiry for claim 1 ................................................................... 13

 a. The trial evidence is relevant because it addresses the nature of the claimed invention, the state of the prior art, and how the invention overcame the problems of the prior art ................................................................................ 14

 b. S&N failed to rebut CertusView's evidence concerning the elements of claim 1 ................................................................... 15

III. CONCLUSION ................................................................................................ 16

**Table of Authorities**

**Page(s)**

**Cases**

*Activision Publishing, Inc. v. xTV Networks, Ltd.*,
    No. 2:16-cv-00737-SJO-MRW, ECF No. 30 (C.D. Cal. May 16, 2016) ..................................8

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    134 S. Ct. 2347 (2014)..................................................................................................4, 11, 15

*Am. Canoe Assoc. Inc. v. Murphy Farms, Inc.*,
    326 F.3d 505 (4th Cir. 2003) ...........................................................................................6, 7

*Audio MPEG, Inc. v. Dell Inc.*,
    2:16-cv-0082-HCM-RJK, ECF No. 159 (E.D. Va. June 29, 2016)......................................5, 8

*Bancorp Servs. LLC v. Sun Life Assur. Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012)......................................................................................14, 15

*Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*,
    ---F.3d---, 2016 WL 3514158 (Fed. Cir. June 27, 2016) ................................................... *passim*

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.*,
    717 F.3d 1269 (Fed. Cir. 2013).................................................................................. *passim*

*DDR Holdings, LLC v. Hotels.com, L.P.*,
    773 F.3d 1245 (Fed. Cir. 2014).......................................................................................3, 4

*Device Enhancement LLC v. Amazon.com, Inc.*,
    --- F. Supp. 3d.--- (2016), No. 15-cv-762-SLR, 2016 WL 2899246
    (D. Del. May 17, 2016) ........................................................................................................4

*Diamond v. Diehr*..................................................................................................................5

*Enfish. Kinglite Holdings Inc. v. Micro-Star Int'l Co. Ltd.*,
    No. 14-cv-03009 JVS(PJWx), ECF No. 239 (C.D. Cal. July 6, 2016)....................................7

*Enfish, LLC v. Microsoft Corp.*,
    --- F.3d ---, 2016 WL 2756255 (Fed. Cir. May 12, 2016) ............................................. *passim*

*Evans v. Trinity Indus. Inc.*,
    No. 2:15-cv-314, 2015 U.S. Dist. LEXIS 164731 (E.D. Va. Nov. 25. 2015) ..........................6

*Ficep Corp. v. Voortman USA Corp.*,
    No. 13-cv-0429-WDQ, 2015 U.S. Dist. LEXIS 37013 (D. Md. Mar. 24, 2015) ......................8

# Table of Authorities
(continued)

**Page(s)**

*M.S. v. Fairfax County. Sch. Bd.*,
No. 1:05-cv-14766 (JCC), 2006 U.S. Dist. LEXIS 34506 (E.D. Va. May 17, 2006) ....................................................................................................................9

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
132 S. Ct. 1289 (2012)....................................................................................................11

*Mobile Telecomms. Techs., LLC v. Blackberry Corp.*,
No. 3:12-cv-1652-M, ECF No. 468 (N.D. Tex. May 13, 2016) ................................................7

*Netscape Commc'n Corp. v. ValueClick, Inc.*,
704 F. Supp. 2d 544 (E.D. Va. 2010) .............................................................. *passim*

*Neupak, Inc. v. Ideal Mfg. and Sales Corp.*,
41 Fed. App'x 435 (Fed. Cir. 2002)..............................................................................14

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005)......................................................................................14

*Rapid Litigation Mgmt. Ltd. v. Cellzdirect, Inc.*,
---F.3d---, 2016 WL 3606624 (Fed. Cir. July 5, 2016)..............................................................5

*Stonebreaker v. Smyth*,
163 F.2d 498 (4th Cir. 1947) ....................................................................................1, 6

*In re TLI Commc'ns LLC Patent Litigation*,
2016 WL 2865693 (Fed. Cir. 2016)...........................................................................4, 8

*TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*,
No. 11-cv-4039 (KBF), ECF No. 270 (S.D.N.Y. June 24, 2016) (finding "it is in the interests of justice" to reconsider its § 101 determination, 2016 U.S. Dist. LEXIS 21218, 2016 WL 817447 (S.D.N.Y. Feb. 22, 2016)) ....................................7, 10

*Ultramercial, Inc. v. Hulu, LLC*,
722 F.3d 1335 (Fed. Cir. 2013)....................................................................3, 9, 10, 13

*United States v. Collins*,
773 F.3d 25 (4th Cir. 2014) ...........................................................................................6

*WildTangent, Inc. v. Ultramercial, LLC*,
134 S.Ct. 2870 (2014).......................................................................................................3

*Yodlee, Inc. v. Plaid Techs. Inc.*,
No. 14-cv-1445-LPS, 2016 WL 2982403 (D. Del. May 23, 2016) ..................................10, 13

**Table of Authorities**
(continued)

**Page(s)**

**Statutes**

35 U.S.C. § 101 ............................................................................................................. *passim*

**Other Authorities**

Rule
    12(b)(6) ............................................................................................................... 10
    54(b) .................................................................................................................... 6, 7

## I.    INTRODUCTION

This case presents the "rare" instance where reconsideration of an interlocutory order is appropriate and necessary to reach the correct judgment under the law.

First, reconsideration is justified by the Federal Circuit's decision in *Enfish, LLC v. Microsoft Corp.*, --- F.3d ---, 2016 WL 2756255 (Fed. Cir. May 12, 2016). *Enfish* is a landmark decision that offers the first appellate court guidance on step one of the *Mayo/Alice* test for patent eligibility. *Id.* at \*6, \*8. S&N attempts to avoid the application of *Enfish* to this case with an overly-narrow interpretation of its holding. S&N's characterization is inconsistent with the Supreme Court precedent *Enfish* clarifies, as well as characterizations of *Enfish* by the Patent Office, Federal Circuit, and district courts. Fourth Circuit precedents indicate a clarification of the law as significant as *Enfish* warrants reconsideration of the Court's § 101 judgment. *Stonebreaker v. Smyth*, 163 F.2d 498, 501 (4th Cir. 1947) (holding that clarification of the law warranted reconsideration).

Reconsideration in light of *Enfish* is also warranted because S&N failed to rebut any of the evidence CertusView identified as relevant to the step one inquiry. The undisputed evidence shows that claim 1 solved a technological problem and improved a preexisting technological process. 2016 WL 2756255 at \*6, \*8. This should end the § 101 analysis with a finding of subject matter eligibility for claim 1.

If the Court determines claim 1 presents a "close call" that warrants further evaluation under *Mayo/Alice* step two, claim 1 is still patent eligible because it includes an inventive concept in the non-conventional and non-generic arrangement of the claim limitations. S&N quibbles over the conventionality of some of claim 1's individual limitations, but "[t]he inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art." *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, ---F.3d---, 2016 WL

3514158, at \*6 (Fed. Cir. June 27, 2016). S&N made <u>no</u> effort to rebut CertusView's evidence showing that claim 1, as an ordered combination of elements, includes an inventive concept. Reversal of the ineligibility determination for claim 1 is therefore necessary to reach the correct judgment. *Id*.

Second, the undisputed trial evidence also justifies reconsideration because it conflicts with the Court's pleadings-only factual findings regarding claim 1, showing that the pleadings-only findings were mistaken. Many courts have determined patent eligibility based only on the pleadings, but a limited record can result in mistaken conclusions on the numerous factual issues that underlie a patent eligibility determination. As illustrated by the Federal Circuit's recent decision in *Bascom*, the patent eligibility determination may require a full factual record where, as here, evidence outside of the patent specification and claims is relevant to, and determinative of, patent eligibility.

For each of these reasons, CertusView respectfully requests partial reconsideration of the Court's judgment regarding claim 1 of the '359 patent and entry of a judgment that claim 1 is eligible for patenting under § 101.

## II.    ARGUMENT

### A.    Reconsideration of the judgment of patent ineligibility for claim 1 of the '359 patent is warranted by the *Enfish* decision and new trial evidence

Reconsideration of an interlocutory judgment is warranted if a court determines that the initial judgment may be incorrect. "[T]he goal [of reconsideration] is to reach the correct judgment under the law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (internal quotations omitted). The *Enfish* decision and trial evidence each bear on the eligibility of claim 1 of the '359 patent and each provides an independent basis for concluding that the Court's judgment was mistaken. Reconsideration is therefore warranted to

2

"reach the correct judgment under the law." *See Netscape Commc'n Corp.*, 704 F. Supp. 2d at 547.

### 1.    Reconsideration is warranted by the Federal Circuit's *Enfish* decision

S&N erroneously characterizes the Federal Circuit's *Enfish* decision as a narrow decision that should be limited to its facts. S&N fails to acknowledge *Enfish*'s impact in addressing tremendous uncertainties in the application of step one of the *Mayo/Alice* test, or the broader implications of *Enfish*'s holding.

### a.    *Enfish* clarified one of the most unsettled areas of patent law

Trial and appellate judges have widely recognized that the Supreme Court's "abstract ideas" exception to patentability under § 101 is one of the most difficult legal standards to apply, and that appellate guidance concerning step one of the *Mayo/Alice* test had been non-existent. A panel of the Federal Circuit acknowledged in *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1343 (Fed. Cir. 2013) ("*Ultramercial I*") (vacated on other grounds by *WildTangent, Inc. v. Ultramercial, LLC*, 134 S. Ct. 2870 (2014)) that "[m]embers of both the Supreme Court and this court have recognized the difficulty of providing a precise formula or definition for the abstract concept of abstractness." Around the same time, Judge Newman's concurring opinion in *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1321 (Fed. Cir. 2013) emphasized the "difficulty of the [§ 101] question" and the "urgent[] need[]" for judicial clarification"). Similarly, in *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014), the Federal Circuit reiterated that "[d]istinguishing between claims that recite a patent-eligible invention and claims that add too little to a patent-ineligible abstract concept can be difficult."

As the first appellate court decision to address step one of the *Mayo/Alice* test, *Enfish* is a landmark decision. The USPTO's treatment of *Enfish* highlights its significance; within days after its issuance, the Deputy Commissioner for Patent Examination Policy issued a

3

Memorandum to the entire Patent Examining Corps addressing *Enfish*. (Ex. 1.) The only other Memorandum issued by the Deputy Commissioner to the Patent Examining Corps that recently addressed a specific patent eligibility decision followed *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). (*See* Ex. 2.)

Many courts—including the Federal Circuit—have since recognized the significance of the decision. *See, e.g.*, *In re TLI Commc'ns LLC Patent Litigation*, 2016 WL 2865693, at *3 (Fed. Cir. 2016) (describing *Enfish* as "recently clarif[ying]" the relevant inquiry at step one of the *Alice/Mayo* test); *Device Enhancement LLC v. Amazon.com, Inc.*, --- F. Supp. 3d.--- (2016), No. 15-cv-762-SLR, 2016 WL 2899246, at *7 (D. Del. May 17, 2016) ("the court looks to *Enfish* and *DDR* as the benchmark in software and computer cases.").

> **b.     *Enfish*'s holding is broader than S&N admits and applies to this case**

S&N characterizes the holding in *Enfish* as limited to its facts and inapposite to this case. S&N's characterization is incorrect. In *Enfish*, the Federal Circuit explained that the "directed to" inquiry at step one filters claims based on whether their character as a whole is directed to excluded subject matter. *Enfish*, 2016 WL 2756255, at *4. *Enfish* explains that, if a claim clearly solves a technological problem or improves a preexisting technological process, it is patent eligible. *Id.* at *8. On the other hand, if a claim only recites "general-purpose computer components [] added post-hoc to a fundamental economic practice or mathematical equation," it is abstract and patent ineligible. *Id.* Where there is a "close call[] about how to characterize what the claims are directed to," the court should proceed to step two. *Id.*

On the particular facts of that case, the Federal Circuit found that claims drawn to "an improvement in the functioning of a computer" were directed to patent eligible subject matter. *Enfish*, 2016 WL 2756255, at *7-8. But *Enfish's* holding offers broader guidance for district

courts. Claims that improve the operation of the computer itself—such as those at issue in *Enfish*—are patent eligible. *Id*. But so too are claims in *any technology area* that solved a technological problem or improved a preexisting technological process. *Id.* at \*4, \*8. The text of Section 101 demands this conclusion; it states that an invention claiming "any new and useful improvement" of a "process, machine, manufacture, or composition of matter" is eligible for patenting. *Audio MPEG, Inc. v. Dell Inc.*, 2:16-cv-0082-HCM-RJK, ECF No. 159 at 11 (E.D. Va. June 29, 2016) (quoting 35 U.S.C. § 101) (Ex. 3). As CertusView's opening brief explains, this interpretation of *Enfish*'s holding is also consistent with the Supreme Court's decisions in *Diamond v. Diehr* and *Alice*. (*See* Opening Reconsideration Mem. at 8-9.)

> **(1)    The Federal Circuit's most-recent § 101 decision underscores that *Enfish*'s holding applies to all cases**

Precedents that have cited *Enfish* demonstrate that *Enfish*'s holding applies to cases outside the realm of patent claims directed to improving the operation of the computer itself. For example, in *Rapid Litigation Mgmt. Ltd. v. Cellzdirect, Inc.*, ---F.3d---, 2016 WL 3606624, at \*4 (Fed. Cir. July 5, 2016) the Federal Circuit held that patent claims directed to the cryopreservation of hepatocytes were eligible for patenting under *Mayo/Alice* step one because the claimed invention recited an "improved process of preserving hepatocytes." *Id*. at \*9 and \*13 ("They employed their natural discovery to create a new and improved way of preserving hepatocyte cells for later use."). *Rapid Litigation Management* underscores that the *Enfish* inquiry under step one is <u>not</u> limited to asking whether a claim improves the operation of the computer itself. The proper inquiry is whether the claimed invention solved a technological problem or improved a preexisting technological process, on the one hand, or whether it merely recites "general-purpose computer components … added post-hoc to a fundamental economic practice or mathematical equation." *Enfish*, 2016 WL 2756255, at \*8.

### c.     The Fourth Circuit has indicated that a decision that clarifies an unsettled area of the law is a basis for reconsideration

*Enfish*'s clarification of step one of the *Mayo/Alice* test is sufficient to warrant reconsideration. In *Stonebreaker v. Smyth*, 163 F.2d 498, 501 (4th Cir. 1947), the Fourth Circuit, while ultimately finding jurisdiction for reconsideration was with the state courts, noted that clarification of the law warranted reconsideration. More recently, in *United States v. Collins*, 773 F.3d 25, 32 (4th Cir. 2014), the Fourth Circuit held that, when the Sentencing Commission enacts a clarifying amendment, the Circuit preference is to vacate and remand for resentencing.

S&N mistakenly argues that the burden for reconsideration is much higher, asserting that only a reversal of the Supreme Court's *Alice* precedent would suffice. S&N is incorrect. Under Rule 54(b), CertusView's request for reconsideration is not subject to "the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Assoc. Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Nor is a showing of extraordinary circumstances required. *Netscape Commc'n Corp.*, 704 F. Supp. 2d at 547. Reconsideration is discretionary and appropriate if necessary "to reach the correct judgment under law." *Id.* at 546-57.

The only precedent that S&N cites in support of the stringent interpretation of Rule 54(b) it espouses is *Evans v. Trinity Indus. Inc.*, No. 2:15-cv-314, 2015 U.S. Dist. LEXIS 164731 (E.D. Va. Nov. 25. 2015). But *Evans* merely reached the unsurprising conclusion that defendants who did not cite *any* change in controlling law or *any* significant subsequent precedent failed to show that they were entitled to reconsideration. *Id.* at *7. *Evans* actually supports CertusView's motion. The *Evans* court observed that reconsideration is appropriate where, as here, there has been a "significant change in the law or the facts since the original submission to the court." *Id.* at *3.

S&N's assertion that the Court's judgment is "law of the case" that should not be disturbed is also mistaken. A similar argument was rejected by the Fourth Circuit in *American Canoe Assoc. Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003), which observed that, while the law of the case doctrine can guide courts' discretion in reconsidering an interlocutory order, Rule 54(b) motions are not subject to "the strict standards applicable to motions for reconsideration of a final judgment."

### d.    Courts have reconsidered patent eligibility after *Enfish* or ordered additional briefing

Reconsideration is also warranted in light of the fact that at least one other district court has reached the merits of a motion to reconsider based on *Enfish*. *Kinglite Holdings Inc. v. Micro-Star Int'l Co. Ltd.*, No. 14-cv-03009 JVS(PJWx), ECF No. 239 (C.D. Cal. July 6, 2016) (Ex. 4). "Assum[ing], without deciding, that *Enfish* is 'a change of law,'" the *Kinglite* court considered and ruled on the merits of the patent owner's motion for reconsideration. *Id.* at 2.

Another court recently decided—*sua sponte*—to reconsider its patent eligibility decision, recognizing the importance of correctly resolving the patent eligibility determination so any appeals could be consolidated and heard at once. *TNS Media Research, LLC v. Tivo Research & Analytics, Inc.*, No. 11-cv-4039 (KBF), ECF No. 270 (S.D.N.Y. June 24, 2016) (finding "it is in the interests of justice" to reconsider its § 101 determination) (Ex. 5). That court did not explain why it was reconsidering its prior judgment, but it is reasonable to infer that the decision was motivated by recent developments in the law.

In addition, at least three district courts ordered supplemental briefing or argument addressing *Enfish*'s effect on pending—or in one case, previously decided—patent eligibility determinations:

- *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-cv-1652-M, ECF No. 468 (N.D. Tex. May 13, 2016) (ordering supplemental briefs regarding the

effect of the *Enfish* decision on the court's order of patent ineligibility decided two weeks before *Enfish*) (Ex. 6).

- *Audio MPEG*, 2:16-cv-0082-HCM-RJK, ECF No. 159 at 6 (allowing supplemental briefing on the Federal Circuit's *Enfish* and *TLI* decisions before determining § 101 eligibility) (Ex. 3).

- *Activision Publishing, Inc. v. xTV Networks, Ltd.*, No. 2:16-cv-00737-SJO-MRW, ECF No. 30 (C.D. Cal. May 16, 2016) (requesting the parties discuss possible importance of *Enfish* to pending motion to dismiss based on § 101 patent ineligibility and deferring ruling on § 101 until after argument) (Ex. 7).

Other courts' recognition of the significance of the *Enfish* precedent underscores that reconsideration in light of *Enfish* is warranted here.

### 2. Reconsideration is warranted in light of the trial evidence now in the record

#### a. The undisputed evidence introduced at trial shows that the Court's fact findings regarding claim 1 were mistaken

As discussed in the opening brief, the inequitable conduct trial produced evidence that conflicts with the Court's findings in the 101 Order,[1] demonstrating that the Court's pleadings-only findings were mistaken. (ECF No. 534 ("Opening Reconsideration Mem.") at 6-8, 11-14, 21-24.) The mere existence of the conflicting trial evidence warrants reconsideration. Reconsideration of an interlocutory judgment is warranted if a court determines that its initial judgment may be incorrect. *Netscape Commc'n Corp.*, 704 F. Supp. 2d at 547 ("[T]he goal [of reconsideration] is to reach the correct judgment under the law.") (internal quotation omitted); *Ficep Corp. v. Voortman USA Corp.*, No. 13-cv-0429-WDQ, 2015 U.S. Dist. LEXIS 37013, at *10-11 (D. Md. Mar. 24, 2015) (exercising discretion to reconsider because court found movant's "merits-based arguments persuasive").

S&N argues that the disputes between the Court's fact findings and the trial evidence are legally insignificant, but it is incorrect. S&N argues that the trial evidence regarding what was

---

[1] ECF No. 250.

8

conventional in the art is irrelevant to reconsideration because the Court already drew "all reasonable factual inferences" in CertusView's favor when it entered judgment. (101 Order at 25.) S&N's contention that the legal standard for judgment on the pleadings provided CertusView the benefit of the evidence now in the record is demonstrably incorrect. If the presumptions applicable to S&N's 12(c) motion truly afforded CertusView the benefit of the trial evidence now in the record, the Court's fact findings would mirror the undisputed evidence introduced at trial, but they did not. The trial evidence conflicts with the Court's pleadings-only findings. Reconsideration of the 101 Order is therefore appropriate in order "to reach the correct judgment under the law." *Netscape Commc'n Corp.*, 704 F. Supp. 2d at 547; *M.S. v. Fairfax County. Sch. Bd.*, No. 1:05-cv-14766 (JCC), 2006 U.S. Dist. LEXIS 34506, *12 (E.D. Va. May 17, 2006) (concluding failure to consider pertinent facts, even at the pleadings stage, was an "error of apprehension" justifying reconsideration).

### b. Evidence outside of the patent specification and claims can be relevant to patent eligibility

S&N mistakenly asserts that evidence introduced during the recent trial is irrelevant to the Court's determination of patent eligibility because it is outside of the patent specification and claims. In *Bascom*, the Federal Circuit reversed and remanded a judgment of patent ineligibility that was decided on a motion to dismiss, determining that "[o]n th[e] limited record" before the court (*i.e.*, the patent specification and claims) the patent claim elements "cannot be said, as a matter of law, to have been conventional or generic." 2016 WL 3514158, at *6.

The outcome in *Bascom* is a cautionary tale about the judicial inefficiency that may result from deciding the issue of patent eligibility on a limited record and then, after appeal, addressing the issue a second time after discovery. Former Chief Judge Rader emphasized in *Ultramercial I* that "[t]he presence of factual issues coupled with the requirement for clear and convincing

9

evidence normally will render dismissal under Rule 12(b)(6) improper" because "the analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues." *Ultramercial I*, 722 F.3d at 1339. Judge Rader added that "factual issues may underlie determining whether the patent embraces a scientific principle or abstract idea," and that "[a]lmost by definition, analyzing whether something was 'conventional' or 'routine' involves analyzing facts." *Id*. at 1339.

In addition to *Bascom*, a magistrate judge in *Yodlee, Inc. v. Plaid Techs. Inc.*, No. 14-cv-1445-LPS, 2016 WL 2982403, at *12, 29-30 (D. Del. May 23, 2016) recently recommended denying-in-part a motion to dismiss based on § 101 because there were disputed issues of fact as to the conventionality and preemptive effect of some of the claims.

Finally, S&N's argument that the Court should exercise its discretion to refuse to reconsider the 101 Order is inconsistent with the Court's and parties' agreement that, to avoid piecemeal appeals, the Court should decide *all* substantive issues before it. (*See* Tr. 1149:22-1151:3; *see also TNS Media Research*, No. 11-cv-4039 (KBF), ECF No. 270 (reconsidering its § 101 determination *sua sponte* in part to ensure any appeals would be "consolidated and heard at once," which is "the most efficient way to proceed") (Ex. 5).)

## B. Under *Enfish*, claim 1 is patent-eligible

### 1. *Mayo/Alice* Step One: Under *Enfish*, claim 1 is not directed to an abstract idea

Under the *Mayo/Alice* step one inquiry described in *Enfish*, claim 1 is not directed to an abstract idea. S&N's only argument concerning step one amounts to doubling-down on the Court's original analysis. S&N reasserts that claim 1 is unpatentable because it is directed to the allegedly abstract idea of "storing information electronically that used to be stored by hand." (ECF No. 536 ("Opp. to Mot. for Reconsideration") at 19.) This argument plainly violates

10

*Enfish's* holding that the characterization of the claimed invention must not be "untethered from the language of the claims" and should not oversimplify the invention or downplay its benefits. *Enfish*, 2016 WL 2756255, at *6-*7.

Turning to the step one inquiry *Enfish* established, S&N does not dispute any of the *salient* considerations for determining patent eligibility, including that:

- CertusView solved a utility industry problem with a technological invention (Opening Reconsideration Mem. at 11-14, 20);

- CertusView's invention reduced liability and enhanced public safety  (*id.* at 14);

- Claim 1 does not merely computerize a preexisting manual process (*id.* at 24-25); and

- The narrowing amendment to claim 1, and its preamble, limit the claim to a particular method for documenting a locate operation that recites a non-conventional combination of elements (*id.* at 16-19).

S&N failed to rebut any of the evidence relevant to the *Enfish* step one inquiry. Nor did S&N show that claim 1 is directed to only "general-purpose computer components [] added post-hoc to a fundamental economic practice or mathematical equation." *See Enfish*, 2016 WL 2756255, at *8. The undisputed evidence shows that claim 1 solved a technological problem and improved a preexisting technological process, so it is patent eligible. *See id.*

### 2.    *Mayo/Alice* Step Two: Claim 1 is patent eligible

#### a.    S&N does not dispute that, as an ordered combination of limitations, claim 1 is patent eligible

*Alice* explains that to perform the step two inquiry, "we consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. 2347, 2355 (2014) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1297 (2012)). S&N fails to address the elements of claim 1 as an ordered whole, tacitly

conceding that the ordered combination is novel.[2] This failure alone warrants entry of an order holding that claim 1 is eligible for patenting under § 101.

>    **b.    S&N's arguments about the conventionality of specific claim limitations does not bear on the eligibility of claim 1 as a whole**

S&N contends that the individual limitations of claim 1 are "longstanding human activit[ies]" that do not include the "something more" required in step two. This argument is insufficient to show claim 1 is ineligible for patenting. The Federal Circuit's *Bascom* decision emphasizes that, even if each one of a claim's elements was known in the prior art, the claim is eligible for patenting if the elements as an ordered whole include an inventive concept. *Bascom*, 2016 WL 3514158, at *6.

S&N's arguments concerning geographical coordinate data are exemplary of this point. S&N notes that the specification discloses that the claimed geographical coordinate data can be generated using a number of conventional methods, including manually. (Opp. to Mot. for Reconsideration at 14.) This undisputed fact has no bearing on the ultimate issue of patent eligibility. "The inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art." *Bascom*, 2016 WL 3514158, at *6.

Furthermore, CertusView's witnesses never claimed to have invented any of the individual limitations of claim 1, including the manner in which geographic coordinate data is gathered. Even if the geographic coordinate data—or any other individual limitation of claim 1— was "known" and "conventional," an inventive concept can be found in the arrangement of all of claim 1's limitations. As in *Bascom*, "an inventive concept can be found in the non-conventional and non-generic arrangement of [claim 1's] known, conventional pieces." *Bascom*, 2016 WL

---

[2] It is S&N's burden to prove by clear and convincing evidence that claim 1 is patent ineligible. *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1304-05 (Fed. Cir. 2013) (Rader, J., concurring-in-part and dissenting-in-part).

3514158, at *6. S&N failed to address—much less rebut—CertusView's showing that the ordered combination of elements in claim 1 are non-conventional and non-generic, so the Court should find claim 1 patent-eligible under *Mayo*/*Alice* step two.

### C.      The trial evidence is relevant and should be considered in the § 101 analysis

#### 1.      *Bascom* illustrates why the trial evidence is relevant to the patent eligibility inquiry for claim 1

The Federal Circuit's *Bascom* decision, which issued after CertusView filed its opening brief, reaffirms the correctness of CertusView's argument that the trial evidence is relevant to the eligibility of its patent claims. In *Bascom*, the Federal Circuit determined that it could not be determined at the pleading stage (i.e., based on the patent disclosure and claims alone) that the claims at issue were, *as a matter of law*, conventional or generic. *Bascom*, 2016 WL 3514158, at *6. In particular, the court found the district court's analysis of whether the ordered combination of limitations recited "well-understood, routine, conventional activities" was akin to an obviousness analysis lacking supporting factual underpinnings, such as motivation to combine. *Id.* The intrinsic record at the 12(b)(6) stage of the case was insufficient to establish the ordered combination of limitations was abstract. *See id.*; *see also Ultramercial I*, 722 F.3d at 1339 ("[T]he analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues," "Almost by definition, analyzing whether something was 'conventional' or 'routine' involves analyzing facts."); *Yodlee*, 2016 WL 2982403, at *12, 29-30 (recommending defendant's motion to dismiss based on § 101 be denied-in-part because there were disputed issues of fact as to the conventionality and preemptive effect of some of the claims).

*Bascom*, *Ultramercial*, and *Yodlee* illustrate that not every case can be determined on the pleadings; conventionality and preemption, for example, may require determinations of

13

underlying fact. The trial evidence in this case is highly probative of these fact issues and therefore should be considered.

> **a.   The trial evidence is relevant because it addresses the nature of the claimed invention, the state of the prior art, and how the invention overcame the problems of the prior art**

"[T]he determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Bancorp Servs. LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012). While the language of the patent claims and the patent specification may be adequate for understanding the "basic character" claimed, other evidence may be relevant. The Federal Circuit has long recognized that inventor testimony concerning the subject matter of the claimed invention is relevant to invalidity issues. *See, e.g.*, *Neupak, Inc. v. Ideal Mfg. and Sales Corp.,* 41 Fed. App'x 435, 440 (Fed. Cir. 2002). Moreover, patent claims must be construed as they would be understood by a person of ordinary skill in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005). Testimony by the inventors and experts during the trial in this case is highly probative of how a person of ordinary skill in the art would understand the claims and is therefore relevant to the determination of patent eligibility of claim 1 as so understood.

S&N argues that the evidence is irrelevant because it concerns CertusView's e-Sketch product, rather than the language of claim 1. This assertion overlooks the fact that much of the testimony offered at trial specifically concerned the requirements of the claims. In addition, S&N's argument is contradicted by its agreement that the e-Sketch products embody the claims of the patents-in-suit, including claim 1 of the '359 patent.[3] (*See, e.g.*, ECF No. 521 ¶ 197.)

---

[3] S&N failed to present any evidence at trial that any commercial product embodied any claim of any of the patents-in-suit, despite having interrogatory responses supporting this fact on the shared exhibit list (DX-237). CertusView's post-trial brief identified S&N's failure of proof. CertusView has never changed position regarding e-Sketch as an embodying product.

During discovery, CertusView responded to an interrogatory request regarding embodying products, listing claim 1 as embodied by the e-Sketch product. (Ex. 8 (excerpted Rog 12 response).) S&N embraced and adopted CertusView's contention that each asserted patent claim is embodied by e-Sketch. (Tr. 20:5-10, 37:18-21, 39:6-9; ECF No. 336 ¶¶ 61, 69, 80.) In light of S&N's longstanding agreement that the asserted claims embody e-Sketch, S&N cannot credibly argue now that trial testimony concerning e-Sketch is irrelevant to the nature of the claimed invention, the improvements it provided, or the problems it overcame.

### b.   S&N failed to rebut CertusView's evidence concerning the elements of claim 1

S&N argues that trial evidence concerning the inherent resolution requirement of claim 1 is irrelevant to patent eligibility because "high resolution" is not expressly recited in the claim. S&N's argument is unavailing. Its *own* technical expert repeatedly admitted that he understood the claimed invention to inherently require high resolution. (Opening Reconsideration Mem. at 23.) The evidence introduced at trial regarding the inherent resolution required by claim 1 is relevant to the "basic character" of what is claimed, as well as to the determination whether the ordered combination of elements recited by the claim includes "something more" that renders the claim patent eligible. *See Bancorp*, 687 F.3d at 1273-74, *Alice*, 134 S. Ct. 2347, 2354-55.

Similarly, S&N argues that claim 1 "simply requires the receipt of an 'aerial image,'" and disputes that geocoding is required, but the undisputed evidence shows that the invention recited by claim 1 would not be operative without geocoding. As explained in CertusView's opening brief, it would be impossible to capture geographical coordinates identifying the location of the "paint on the ground" in the embodying e-Sketch product (or any other embodying product) without geocoding the base image: manually-entered locate marks must inherit geographical coordinate data from the pixels in the underlying geocoded image; and geographical coordinates

15

generated by a marking wand or other external device could not be depicted at the proper location on the aerial image unless paint and image coordinates could be matched. (*See* Opening Reconsideration Mem. at 10-11.) The trial evidence concerning the geocoded base image explains how claim 1 would be understood by a person of ordinary skill in the art and is therefore relevant to interpretation of the subject matter claimed and the patent eligibility determination.

In addition to being technically incorrect, S&N's arguments regarding the trial evidence are unpersuasive because they are merely attorney argument. S&N offers no evidence to substantiate any of its assertions. The trial evidence is probative of the nature of the claimed invention and highly relevant to the issue of patent eligibility. Therefore, CertusView respectfully requests that the Court include the trial evidence if it reconsiders its judgment.

## III.   CONCLUSION

As set forth above and in the opening brief, reconsideration of the 101 Order regarding Claim 1 of the '359 patent is warranted in light of the Federal Circuit's recent *Enfish* decision and in light of the new evidence that was introduced during the inequitable conduct bench trial.

Claim 1 of the '359 is patent-eligible under *Enfish*'s clarification of *Mayo/Alice* step one because the claim is "directed to a specific implementation of a solution to a problem in the [utility industry] and it "improve[s] an existing technological process." *Enfish*, 2016 WL 2756255 at *4, *8.

The Federal Circuit's recent *Bascom* decision illustrates that claim 1 is also patent-eligible under *Mayo/Alice* step two because "an inventive concept can be found in the non-conventional and non-generic arrangement of [claim 1's] known, conventional pieces." *Bascom*, 2016 WL 3514158, at *6.

16

CertusView therefore respectfully requests the Court to find that claim 1 of the '359 patent is not drawn to an abstract idea and includes an "inventive concept" that makes it patent eligible under 35 U.S.C. § 101.

Date: July 15, 2016

Respectfully submitted,

/s/ Christopher C. Campbell

Christopher C. Campbell (VBN 36244)
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
E-mail: ccampbell@cooley.com

Thomas J. Friel, Jr.
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
E-mail: tfriel@cooley.com

Orion Armon (*pro hac vice*)
Wayne O. Stacy (*pro hac vice*)
James P. Brogan (*pro hac vice*)
COOLEY LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099
Email: oarmon@cooley.com
jbrogan@cooley.com
wstacy@cooley.com

*Counsel for Plaintiff CertusView Technologies, LLC*

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I electronically filed the foregoing document CERTUSVIEW TECHNOLOGIES, LLC'S REBUTTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF JUDGMENT OF PATENT INELIGIBILITY UNDER 35 U.S.C. § 101 with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing via electronic mail to all counsel of record:

Brian L. Whisler
Baker & McKenzie LLP (DC)
815 Connecticut Ave NW
Washington, DC 20006
Email: brian.whisler@bakermckenzie.com

Daniel Joseph O'Connor
Michael Anthony Duffy
Baker & McKenzie LLP (IL-NA)
300 E. Randolph St, Suite 5000
Chicago, IL 60601
Email: daniel.oconnor@bakermckenzie.co
Email: Michael.Duffy@bakermckenzie.com

John Giuseppe Flaim
Mackenzie Marie DeWerff

Weldon Barton Rankin
Baker & McKenzie
2001 Ross Ave, Suite 2300
Dallas, TX 752011
Email: john.flaim@bakermckenzie.com
Email: mackenzie.DeWerff@bakermckenzie.com
Email: w.Rankin@bakermckenzie.com

Michael Anthony Duffy
Baker & McKenzie
300 East Randolph St
Suite 5000
Chicago, IL 60601
Email: Michael.Duffy@bakermckenzie.com

/s/  Christopher C. Campbell

Christopher C. Campbell (VBN 36244)
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
E-mail: ccampbell@cooley.com

134143126 v4