UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CERTUSVIEW TECHNOLOGIES, LLC,

    Plaintiff,

v.                                          Civil Action No. 2:13cv346

S&N LOCATING SERVICES, LLC,
and
S&N COMMUNICATIONS, INC.,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Review Taxation of Costs filed by Plaintiff Certusview Technologies, LLC ("Plaintiff"). ECF No. 563. In its motion, Plaintiff requests that the Court deny an award of costs to S&N Locating Services, LLC and S&N Communications, Inc. (collectively "Defendants"). Id. at 1. Alternatively, Plaintiff requests that the Court stay payment of any award of costs pending a decision by the United States Court of Appeals for the Federal Circuit of Plaintiff's appeal from final judgment. Id. If the Court stays payment of costs, Plaintiff additionally requests that the Court waive the bond requirement. Id.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this action, Plaintiff asserted that Defendants had infringed five patents ("the patents-in-suit"). See Am. Compl.

¶¶ 15, 19, 23, 27, 32, ECF No. 55. On October 28, 2014, Defendants moved for judgment on the pleadings, seeking to invalidate the asserted claims of the patents-in-suit because they did not claim patent-eligible subject matter under 35 U.S.C. § 101. Defs.' Mot. for J. on the Pleadings, ECF No. 197. On January 16, 2015, the Court granted Defendants leave to amend their Answer to assert an inequitable conduct Counterclaim against Plaintiff. Order at 2-3, ECF No. 248. On January 21, 2015, the Court granted Defendants' motion for judgment on the pleadings and held that each of the asserted claims of the patents-in-suit were invalid because they did not claim patent-eligible subject matter. See Op. & Order at 95, ECF No. 250. Therefore, on that same day, the Court entered judgment in favor of Defendants in Plaintiff's patent infringement action. Judgment, ECF No. 251.

In accordance with the Court's January 16, 2015 Order, on January 23, 2015, Defendants filed their First Amended Answer and Counterclaim, which asserted numerous claims of inequitable conduct against Plaintiff. ECF No. 253. By Opinion and Order of May 22, 2015, the Court denied Plaintiff's motion to strike a number of Defendants' claims of inequitable conduct. ECF No. 325. After a bench trial on Defendants' claims of inequitable conduct and a number of post-trial motions, the Court entered final judgment on Plaintiff's First Amended Complaint in favor

of Defendants on August 11, 2016. Judgment, ECF No. 547. On August 24, 2016, Defendants filed a Motion for Exceptional Case Finding and Attorneys' Fees, requesting the Court to grant Defendants' attorneys' fees under the "exceptional case" provision of 35 U.S.C § 285. ECF No. 549. On September 1, 2016, Plaintiff filed a Notice of Appeal to the Court of Appeals for the Federal Circuit, appealing the entry of final judgment. ECF No. 551. The Court denied without prejudice Defendants' Motion for Exceptional Case Finding and Attorneys' Fees and authorized Defendants to re-file such motion within fourteen (14) days after the Federal Circuit issued a mandate finalizing judgment on the merits of Plaintiff's pending appeal (No. 16-2605). ECF No. 560.

The clerk filed a Notice of Taxing of Costs on February 10, 2017, ECF No. 561, and taxed costs against Plaintiff in the amount of $42,305.83 on February 27, 2017, ECF No. 562. On March 3, 2017, Plaintiff filed a Motion to Review Taxation of Costs, ECF No. 563, with a memorandum in support, ECF No. 564. Defendant filed a response brief on March 8, 2017, ECF No. 565, and Plaintiff replied on March 14, 2017, ECF No. 566. Thus, at this time, a motion for review of taxation of costs is pending before this Court and an appeal on the merits is pending before the Federal Circuit.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54 states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see 28 U.S.C. § 1920 (listing the fees that may be taxed as costs). After the prevailing party provides a bill of costs that "distinctly set[s] forth each item thereof so that the nature of the charge can be readily understood," the Clerk taxes the costs, allowing "such items specified in the bill of costs as are properly chargeable as costs." E.D. Va. Loc. Civ. R. 54(D). Upon a timely motion under Federal Rule of Civil Procedure 54(d), the Court must review the Clerk's taxation of costs. Id.

"By mandating that, subject to court intervention, costs be allowed to a prevailing party 'as of course,' the rule creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)). This presumption may only be overcome by the court "articulating some good reason for doing so." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994) (quoting Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)). "[F]actors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the

4

unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Cherry, 186 F.3d at 446).

While a district court has jurisdiction to review the Clerk's taxation of costs while an appeal on the merits is pending, "[t]he decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court." Singleton v. Dep't of Correctionl Educ., No. 1:03CV00004, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003) (citing Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987)); Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2015 WL 1417058, at *7 (W.D. Va. Mar. 27, 2015) ("A district court may properly defer ruling on assessment of costs until the appellate process has been completed." (citing Reed v. Health & Human Services, 774 F.2d 1270, 1277 (4th Cir. 1985) (reversed on other grounds)).

If the court stays payment of costs, the "appellant moving for a stay generally must post a bond." Hanwha Azdel, No. 6:12-CV-00023, 2015 WL 1417058, at *8 (authorizing a stay of payment of costs but requiring a bond); MercExchange, L.L.C. v. eBay, Inc., 660 F. Supp. 2d 653, 656 (E.D. Va. 2007) ("The district

5

court is entitled to exercise its inherent authority to impose a bond requirement on a party before it."); see Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond."). While the court has discretion to stay without requiring a bond, "such discretion normally is exercised in extraordinary circumstances." Hanwha Azdel, No. 6:12-CV-00023, 2015 WL 1417058, at *8. Exceptional circumstances may include situations "such as when the judgment debtor demonstrates he can effortlessly pay the judgment or when the bond would be a great financial burden." Id. (citing Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 193 (E.D. Va. 1999)). If the court waives the bond requirement, the court "is free to exercise [its] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." Alexander, 190 F.R.D. at 193 (internal citations omitted).

## III. DISCUSSION

As a result of the Court's dismissal of Plaintiff's Complaint, Defendants are seeking costs incurred up until the Court's judgment on the pleadings of January 21, 2015. Bill of Costs, ECF No. 548; Defs.' Resp. Br. 3, ECF No. 565. Defendants are the "prevailing party" pursuant to the Court's Opinion and Order of August 10, 2016 directing the Clerk to enter final

judgment in Defendants' favor on Plaintiff's First Amended Complaint. ECF No. 545, at 29. As the prevailing party, Defendants are presumptively entitled to an award of costs. Fed. R. Civ. P. 54(d)(1); Cherry, 186 F.3d at 446. While Plaintiff does not contest the Clerk's calculation of costs, Pl.'s Opening Br. 1, ECF No. 564, Plaintiff argues that the Court should either deny or stay an award of costs for two reasons: (1) because Defendants "unnecessarily prolonged this case after judgment on the pleadings was entered by pursuing meritless inequitable conduct claims," id. at 2, and (2) because the case was resolved "on a close and difficult issue—patent eligibility under § 101," id. at 3.

Defendants have only requested costs incurred up until the Court's judgment was entered on Defendants' Motion for Judgement on the Pleadings on January 21, 2015. Defs.' Resp. Br. 3. Plaintiff argues that, despite Defendants not requesting their costs after the Court's judgment on the pleadings, Defendants' action in pursuing their claims of inequitable conduct "unnecessarily prolonged trial or injected meritless issues," Teague, 35 F.3d at 996, and thus "weighs against an award of costs," Pl.'s Opening Br. 3. In evaluating Plaintiff's argument regarding Defendants' inequitable conduct Counterclaim, the Court observes that, while the Court (in a one hundred and fifteen page Opinion and Order) ultimately denied Defendants'

7

claims of inequitable conduct on each of the five grounds alleged, ECF No. 542, the issue of inequitable conduct was vigorously contested by the parties to this litigation, <u>see e.g.</u>, Mot. to Strike Answer to Compl., Countercl. or in the Alternative Dismiss, ECF No. 274; Mot. for Summ. J., ECF No. 341. Thus, the Court finds that this factor does not weigh strongly against the presumptive payment of costs to Defendants.

However, Plaintiff next argues that costs should be denied or payment of costs should be stayed because the case involved a "close and difficult issue—patent eligibility under § 101," which is currently on appeal to the Federal Circuit. Pl.'s Opening Br. 3; <u>Ellis</u>, 434 F. App'x at 235 (holding that the district court did not abuse its discretion in refusing to award costs when "the issues in the case were close and difficult"). In its dismissal without prejudice of Defendants' request for attorney's fees, the Court observed that this case "involves substantial and novel issues about Plaintiff's patent infringement claims." Mem. Order 4, ECF No. 560. These "substantial and novel issues" are currently on appeal before the Federal Circuit. <u>Id.</u> Thus, the Court finds that "the closeness and difficulty of the issues decided," in light of the pending appeal currently before the Federal Circuit, weighs in favor of Plaintiff's argument against the presumptive payment of costs to Defendants. See <u>Cherry</u>, 186 F.3d at 446.

Having determined that Defendants are presumptively entitled to an award of costs as the prevailing party, and having weighed the contested factors[1] for denying or delaying costs to a prevailing party, the Court exercises its discretion to stay and "defer ruling on assessment of costs until the appellate process has been completed." Hanwha Azdel, No. 6:12-CV-00023, 2015 WL 1417058, at *7 (citing Reed, 774 F.2d at 1277); Singleton, No. 1:03CV00004, 2003 WL 22299039, at *1 ("The decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court."). Thus, the Court **GRANTS** Plaintiff's Motion to Review Taxation of Costs, and **STAYS** Plaintiff's payment of costs pending disposition of the appeal before the Federal Circuit. ECF No. 563. A stay of payment of costs is appropriate because of the Court's interest in judicial economy by avoiding piecemeal appeals: by staying the payment of costs, any review of the taxation of costs may be consolidated with any review of attorney's fees after final disposition of the appeal currently pending before the Federal Circuit. Singleton, No. 1:03CV00004, 2003 WL 22299039, at *2 (considering the interest of judicial efficiency in determining whether to stay taxation of costs pending appeal). Finally, the Court does not find that

---

[1] The parties have not argued any of the other factors for considering when the Court should exercise its discretion to deny a prevailing party costs, such as misconduct, inability to pay, excessiveness, or limited value of the victory. Ellis, 434 F. App'x at 235 (citing Cherry, 186 F.3d at 446).

exceptional circumstances exist such that the Court should "exercise [its] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings," Alexander, 190 F.R.D. at 193, and thus **DIRECTS** Plaintiff to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d).

### IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Review Taxation of Costs, **STAYS** Plaintiff's payment of costs pending disposition of the appeal before the Federal Circuit, but **DIRECTS** Plaintiff to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d).

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 2, 2017

10